126 So.2d 603 (1961)
John R. MURRAY, Appellant,
v.
J.B. OSENTON, Appellee.
No. 1849.
District Court of Appeal of Florida. Second District.
February 1, 1961.
*604 Gilman & McDonnell, Winter Park, for appellant.
Sanders, McEwan, Schwarz & Mims, Orlando, for appellee.
KANNER, Acting Chief Judge.
Motion to dismiss the amended complaint of the plaintiff, Murray, was granted by the trial judge in the cause below; and, since the plaintiff declined to plead further, judgment consequently was entered in favor of the defendant, Osenton. The appeal is from that judgment.
We are here considering whether the amended complaint stated a cause of action sufficient to have precluded dismissal of the cause. In substance, it was alleged that the defendant operated a gasoline service station at Orange Blossom Trail and Long Street in Orlando, Florida, at which the plaintiff was employed by him as an attendant; that there occurred upon a certain night an attempted robbery of the service station, during the course of which the plaintiff was assaulted, shot, and wounded. It was further alleged that, although the defendant had actual knowledge at that time of the unusual danger and likelihood of robberies and burglaries peculiar to service stations in Orlando, he negligently and carelessly instructed the plaintiff to take a gun belonging to the defendant and to remain alone at night at the service station but failed to take reasonable measures to protect plaintiff.
Urging that allegations of foreseeability of a known danger were sufficiently presented, plaintiff says that negligence was thereby sufficiently pleaded for the amended complaint to have withstood the motion to dismiss.
Forms of action and technical forms for seeking relief have been abolished. A pleading setting forth a claim for relief must state a cause of action. The pleading must contain a short and plain statement of the ultimate facts on which the pleader relies, and if it informs the defendant of the nature of the cause against him, this shall be sufficient. Section 1.8(a, b), Florida Rules of Civil Procedure, 30 F.S.A.
In a case of this kind, in order for liability to attach to an employer for an injury or death of his employee due to the acts of a burglar, thief, or robber, the injury or death must be the proximate result of negligence chargeable to the employer. It is basic that a master must provide his employees with a reasonably safe place in which to work. However, the danger of injury to an employee from an unlawful or criminal act of a stranger is not a danger from which the employer ordinarily would incur liability in the discharge of his duty to furnish a safe place to work for his employees; nor is the employer ordinarily under legal duty to protect his employees from unlawful assaults by strangers. See 35 Am.Jur., Master and Servant, sections 202 and 203, pp. 632-633; Annotation 38 A.L.R. 1454; Green v. Atlanta & C. Air Line R. Co., 1925, 131 S.C. 124, 126 S.E. 441, 38 A.L.R. 1448; and McMillin v. Barton-Robison Convoy Co., 1938, 182 Okla. 553, 78 P.2d 789.
In the present case, it is not contended that the duties which the plaintiff was required to perform and the place in which he performed them were not safe, except for the general statement merely that defendant knew of the danger and likelihood of robberies of gasoline service stations in Orlando and "failed to take reasonable measures to protect the plaintiff." What the plaintiff means by "reasonable measures" to protect him we cannot glean nor *605 surmise from the amended complaint. We can find related therein no exceptional circumstances or conditions creating a foreseeable danger which would give rise to a duty by the defendant to protect the plaintiff from the assaults of criminals.
Should the allegations of the amended complaint be deemed sufficient to bring the cause to trial, this would be tantamount to saying that any owner or operator of a gasoline filling station would be rendered liable to action by an employee for no other reason than that his place of business had been during the nighttime invaded by a robber who, in the process, injured that employee. We must conclude that the allegations of the complaint are inadequate to charge the defendant with negligence which proximately resulted in plaintiff's injury, under the doctrine of foreseeability or otherwise.
Affirmed.
SHANNON, J., and STEPHENSON, GUNTER, Associate Judge, concur.