CARROLL, DONALD K., Chief Judge.
The respondent in a possessory proceeding has appealed from a final decree entered by the Circuit Court for Alachua County ordering a writ of possession to issue for certain lands and tenements in the said county. The appellee, the petitioner for the writ below, claims title to the said lands and other lands by virtue of a certain tax deed issued by the clerk of the said Circuit Court in 1957. The crucial question before us on this appeal is the validity vel non of that tax deed.
The tax deed in question is dated February 4, 1957, and recites that it is based upon tax certificate No. 289 issued in 1954 and describes the lands conveyed by the tax deed to the appellee as follows:
“South 839.19 ft of that part of SE14 West of A.C.L. less North 1.44 chs of South 7.07 chs of West 5.22 chs & less North 7.085 chs of West 7.085 chs & less South 210 ft of West 210 ft DB 254, page 419 & less South 150 ft & less 6 acres as per DB 298, page 329, Sec. 20 Twp. 9 Rg. 2C”
The words immediately following this description on the printed form of this tax deed are: “containing - acres, more or less; * * The space in the printed form following the word “containing” is not filled in.
The petition filed by the appellee in the Circuit Court alleges that the appellant had refused to deliver possession of the said described lands to the appellee- as the grantee of the said tax deed after he had made a formal demand for possession and such was refused. Upon hearing this petition, the court entered an order to show cause ordering that the appellant on a certain date appear before the court and show cause why a writ of possession should not issue.
On the said date the appellant filed his answer to the said order to show cause, alleging that he is the owner of the said lands and took possession thereof as such owner; that the tax deed under which the appellee is claiming title is null and void, for the tax certificate No. 289 of 1954, sold for delinquent taxes for the year 1953, included lands owned by parties other than *784 the delinquent taxpayer named therein; that the said tax deed based upon the said tax certificate was issued without the notification required by law to all record title owners of the properties described therein; that bids were not received separately as to each parcel, and, in fact, not all of the parcels included in the tax deed were delinquent with respect to taxes for the year 1953; and that the taxes represented by the tax deed were included in the aggregate amount rather than by parcels so that the taxes upon one parcel and the cost of the tax deed application were charged upon other parcels of land not owned by the delinquent taxpayer. The appellant then avers that by reason of the invalidity of the tax deed the appellee is not entitled to possession of the lands now in the possession of the appellant.
The ■ most perplexing problem involved in adjudicating this cause arises from the very ambiguous language used in the land description found in the tax deed. As the appellant construes such description, the lands embraced therein include lands owned by persons who were not given the required statutory notice of the application for the tax deed. On the other hand, as the appellee construes the description, the owner of the lands therein embraced was duly notified. Our problem on this appeal is to determine, if possible, which of these two constructions of that land description is correct, or whether a third construction may be a more reasonable one. We find this undertaking impossible to perform satisfactorily and have reached the conclusion that the said description of the lands in the tax deed is not susceptible of any definite construction that would help us in determining exactly what lands were intended to be conveyed by the tax deed. Unless this can be done, it is impossible for this or any court to determine whether tlie statutory requirements for the issuance of tax deeds have been met.
A casual reading of the description in the tax deed should be enough to indicate the difficulty of locating with exactness the particular land purportedly covered by the tax deed, but the difficulty is compounded if one tries to locate the land thus covered by examining the mats, plats, and other records found in the record on appeal. Some of the areas sought to be excluded in the description appear to have been “lessed out” twice while others have not actually been excluded at all. To allow such a confusing description in a tax deed, or any deed for that matter, could easily cast a cloud on th'e title of many property owners in the section and would be unfair not only to them but to prospective purchasers of property in the section.
It is obvious from the testimony of the witnesses heard by the trial court on behalf of both parties that those witnesses, along with the lawyers, were uncertain as to what property was covered by the tax deed. Even the abstractor, whose firm prepared the abstract of title relied upon by the clerk of the Circuit Court, testified that it appeared to him that they were in error and further stated that he thought that, if they were doing it over again, they would make the certificate different from that which they previously made because of the “confusion of the property in that area.”
Even if the tax deed were not invalid on account of the vagueness of the property description therein, the tax deed would be void because of a failure to comply with the mandatory requirements of the statutes applicable to the issuance of tax deeds.
Section 194.18, Florida Statutes, F.S.A., prescribes the duties of the clerk of a circuit . court with respect to the mailing of notice of application for a tax deed to the owner of the property involved. This statute provides that the clerk “shall mail a copy of such notice to the owner of the property” and “shall make out and attach to the affidavit of the publisher attesting the publication of such notice, a certificate that he, the clerk, did on the.day of *785 ., 19...., mail a copy of the notice addressed to . at ., which certificate shall be signed by the clerk and his official seal affixed thereto; and such certificate shall be prima facie evidence of the fact that such notice was mailed.”
In the case on appeal, however, the certificate of the clerk merely states “ * * * that a notice was duly mailed to the owner, mortgagee or lien holder, if any, as required by law.” The clerk’s certificate fails to state the date on which such notice was mailed and fails to give the name or address of any person to whom such notice was mailed.
While admitting that the clerk’s certificate fails to state the names and addresses of the persons to whom the notice was mailed, the appellee on this appeal argues that such was unnecessary because the ab-stractor’s certificate, which is in the file in the clerk’s office with the papers pertaining to the issuance of the appellee’s tax deed, shows that the apparent holder of the record title to the land in question is one H. C. Spence (or Spencer) because the abstract contains a checkmark and notations giving the mailing address of H. C. Spencer, and because there are included in the file with the certificate of the clerk and the certificate of the abstractor two carbon copies of a notice of application for a tax deed. The appellee contends that the said two copies are exact copies of notices sent to H. C. Spencer as the owner and sent to the mortgagee of record, Union Finance Company.
We do not think that the facts thus mentioned by the appellee justify a departure from the clear requirement of Section 194.18, Florida Statutes, F.S.A., which with unmistakable clarity requires that the clerk’s certificate contain the name and address of the owner of the property and the date on which the clerk mailed to such owner a copy of the notice of application for tax deed. If is within the prerogative of the State Legislature to prescribe the form of the notice and the kind of procedure to be followed in the issuance of tax deeds. The clerk here clearly failed to follow the form prescribed by the statute. It would not be in keeping with either the letter or the spirit of the law to change the form of the statutory certificate and require all interested persons to search through the file in the office of the clerk of the circuit court in order to determine or speculate as to the names and addresses of persons to whom the notice may have been sent, through an examination of check-marks, notations, carbon copies, or the like.
As we held in Locke v. Stuart, 113 So.2d 402 (Fla.App.1959) :
“The statutory requirements relating to notice as set out by Section 194.18, F.S., F.S.A., are mandatory and jurisdictional. Failure of the clerk to comply with them renders the tax deed void. * * * ”
We, therefore, hold that the tax deed involved on this appeal is void because of the vagueness and uncertainty of the property description therein, and that, even if the tax deed were not thus defective and even if we were to accept the appellee’s interpretation as to the property covered by that deed, the deed is invalid because of the clerk’s failure to comply with the mandatory and jurisdictional requirements of the statute, as above discussed.
The judgment appealed from is reversed and the cause is remanded with directions to enter a judgment for the appellant, the respondent below.
Reversed and remanded with directions.
STURGIS and RAWLS, JJ., concur.