RAWLS, Chief Judge.
The validity of a tax deed is the subject matter of this case. By their appeal the plaintiffs, referred to herein as Bailey, question the chancellor’s final order which dismissed the complaint, with prejudice.
*478 We accept the material facts alleged .as true for the purpose of testing the sufficiency of the dismissed complaint. Briefly stated, such facts are: On August 7,1950, Plaintiff Bailey purchased tax deeds to two ■parcels of land (four lots) and the deeds were recorded the following day. Bailey paid the taxes for 1955 which was the last j'ear taxes were paid prior to the events leading to the institution of this suit. When taxes were not paid for the years 1957, 1958 •and 1959 tax sale certificates were issued and in November, 1959, applications for tax •deed sales were filed with the clerk. Although Bailey had recorded his tax deed and was listed on the tax collector’s receipt "book as the last person paying taxes on the two parcels, the 1959 Marion County Tax Roll showed the following entries under the ■“name of owner and address” for these properties:
Parcel #1 Minerva Bradley 221 Chandler Ave. Pontiac 20, Mich.
Parcel #2 Lena B. Randall 221 Chandler Ave. Pontiac 20, Mich.
and it was to these persons at the above addresses that the clerk mailed copies of the respective notices of application for tax deed. A tax deed for the two parcels was issued on January 4, 1960, based upon the 1957, 1958 and 1959 certificates. The clerk did not mail anything to Plaintiff Bailey, and it is his primary contention that by the terms of Section 194.18(1), Florida Statutes, F.S.A., he was entitled to (1) notice of application for tax deed, and (2) the statutory warning. In addition Bailey contends that the clerk should have executed a certificate of mailing notice.
The nub of plaintiff’s contention is that Section 194.18(1), Florida Statutes, F.S.A.[1] must be construed as requiring the clerk of the circuit court to publish the notice as provided by Section 194.16, and in addition to mail a copy of such notice and the statutory warning to the person whose name and address appears on the tax roll for the year in which taxes were last extended and to the person last paying taxes upon such lands as shown by the tax collector’s receipt book. Bailey reasons that the instant tax deed is void because the clerk mailed the notice to two women who had no interest in the property. This contention brings into focus the critical point in this case which is the construction of the word “owner” as used by the legislature in the mentioned statute.
Bailey insists that the legal owner of the property is entitled to notice if his name appears in either of two places — on the last extended tax roll, or if not there, in the most recent tax collector’s receipt book which reflects therein the name and address of the person last paying taxes on the lands — and cites as his primary authority the case of Heinberg v. Andress.[2] In the Heinberg case, a name appeared under the column entitled “owner” in the last extended tax roll, but no address was reflected. One of the Clerk’s assistants knew the *479 address of the party so appearing as owner and notice was sent by the Clerk to such party, but notice was not given to the person last paying taxes. The Supreme Court in reviewing this factual situation noted that the property owner’s name did not appear on the tax roll. Although the opinion in Heinberg contains a discussion of “property owner” and the advisability of giving him notice, we construe the following language, “ * * * Inasmuch as both the owner’s name and address were not present in the rolls, we now turn to the tax collector’s receipt book to see who last paid taxes on the property * * * ” (emphasis supplied) to establish the controlling principle of law applicable to such cases. As we understand this decision, had an address appeared in the last extended tax roll along with name of “owner”, then the clerk would not have been required to make any further search. By revising the subject statute, the legislature established ministerial steps for the clerk to follow, and by decisional law the Supreme Court held such procedure to be jurisdictional. Likewise, the revised statute relieved and negated the seeking out of other information by the clerk from his own personal knowledge or other collateral sources as had been required by the previous statutes.
 Reading salient words of the statute in their normal context, we are persuaded that when the legislature provided “ * * * the clerk of the circuit court shall mail a copy of such notice to the owner of the property * * * if the name and address of such persons appear on the tax roll for the year in which taxes were last extended on such property * * * ” it meant that notice was to be given to the name of the person appearing under the heading of “name of owner and address” in the last extended tax roll at the address so stated, and if such name and address appeared in such location, the last extended tax roll was the end of the Clerk’s search for the “owner”. And the language of the subject statute — ■“ * * * or if the name and address of such persons do not appear thereon then the notice shall be mailed to the person last paying taxes upon such lands as shown by the tax collector’s receipt book * * * ” — must be construed as directing the clerk to turn to the tax collector’s receipt book only if the name and address column in the last extended tax roll was incomplete. Had the legislature intended that the clerk ascertain the “legal owner” so as to be advised to mail to one or both persons as appellant contends, then it could have easily done so. The legislature was not so advised and we will not indulge in a judicial construction of the statute that does not comport with what we find to be the clear intent of the scrivener.
Finally, appellant contends that the clerk failed to execute the certificates as to the mailing of the notices of tax deed application. The record reveals that the requisite notices were properly addressed and mailed by registered mail to the persons entitled to notice. Said notices were returned to the clerk with the notation on the respective envelopes that same was unclaimed and placed in the clerk’s file. The obvious purpose and intent of the legislature in requiring the execution of the certificate of mailing notice by the clerk was to place in the file adequate proof that such notices were mailed, and the “proof of the pudding” was evident to any person making a casual examination of the subject file. We are not unmindful of the language used by this court in Holmes v. Kiser,[3] viz.:
“It would not be in keeping with either the letter or the spirit of the law to ■ change the form of the statutory certificate and require all interested persons to search through the file in the office of the clerk of the circuit court in order to determine or speculate as to the names and addresses of persons to whom the notice may have been sent, through an examination of checkmarks, notations, carbon copies, or the like.”
*480 However, here proof of mailing is not dependent upon “ * * * checkmarks, notations, carbon copies, or the like,” but to the contrary the returned envelopes are the best evidence that the clerk did perform his duty. To hold the 1960 tax deeds void due to the absence of the clerk’s certificates of mailing under the facts of this case, would require closing one’s eyes to the real purpose of the statute, which purpose was performed by the actual mailing.
Affirmed.
CARROLL, DONALD K., and JOHNSON, JTJ., concur.

. The pertinent part of Section 194.18(1), Florida Statutes, is: “In addition to the publication of the notice provided for by § 194.16 the clerk of the circuit court shall mail a copy of such notice to the owner of the property and to each mortgagee, if any, if the name and address of such persons appear on the tax roll for the year in which taxes were last extended on such property or if the name and address of such persons do not appear thereon then the notice shall be mailed to the person last paying taxes upon such lands as shown by the tax collector’s receipt book and in the event no address be shown thereon no notice shall be required; * * * and the clerk shall enclose with every copy mailed a statement as follows: ‘Warning, property in which you are interested is listed in the copy of the enclosed notice’; and the clerk shall make out and attach to the affidavit to the publisher attesting to the publication of such notice, a certificate that he, the clerk, did on the.day of.19..., mail a copy of the notice addressed to . at . .... which certificate shall be signed by the clerk and his official seal affixed thereto; * *

. Heinberg v. Andress, 45 So.2d 488 (Fla. 1950).

. Holmes v. Kiser, 138 So.2d 782 (Fla.App. 1st, 1962).