240 So.2d 157 (1970)
Margaret GRAHAM, Appellant,
v.
The GREAT ATLANTIC & PACIFIC TEA COMPANY, Inc., Appellee.
No. 69-744.
District Court of Appeal of Florida, Fourth District.
October 21, 1970.
Larry Klein, of Cone, Wagner, Nugent, Johnson, McKeown & Dell, West Palm Beach, for appellant.
John R. Beranek, of Jones, Paine & Foster, West Palm Beach, for appellee.
McCAIN, Judge.
Plaintiff, Margaret Graham, filed suit below against defendant for injuries received when she was knocked down and injured by a shoplifter who was escaping from defendant's food market. The circuit court dismissed plaintiff's second amended complaint with prejudice for failure to state a cause of action. Plaintiff declined to amend further and elected to stand on her amended pleadings.
In reviewing the order of the court below, we are required to accept as true the allegations of fact contained in the complaint. We consider here only whether those facts, if proved, would entitle plaintiff to the relief for which she asks. Petterson v. Concrete Construction, Inc., Fla. App. 1967, 202 So.2d 191; Gale v. Tuerk, Fla.App. 1967, 200 So.2d 261; C.D. Utility Corporation v. Maxwell, Fla.App. 1966, 189 So.2d 643; Bailey v. Folks, Fla.App. 1966, 182 So.2d 477.
An examination of the plaintiff's second amended complaint in light of these principles reveals that the following sequence of events occurred while plaintiff was a business invitee in defendant's food market: defendant's manager, having discovered that a "burly" individual, who was accompanied to the store by his family, was or appeared to be attempting to take merchandise *158 from the store without paying, waited until the family was outside near their car and detained them. The manager, alleged to be a much smaller man than the suspect, permitted the wife and child to go without taking down the license number of their car after the suspect voluntarily agreed to accompany the manager back inside the store. As they were walking in, the manager apparently told the suspect that he intended to call the sheriff, and the suspect broke and ran, knocking down and injuring the plaintiff, who was still completing her business.
On these facts plaintiff charges that defendant was negligent in (1) allowing the alleged shoplifter to break and run and knock down the plaintiff; (2) failing to warn plaintiff of the potential danger; (3) failing to close the store; (4) failing to take some other action to protect the plaintiff and other business invitees; and (5) the manner in which defendant attempted to detain the suspect, to-wit: failing to detain the suspect before he left the store; allowing his family to leave without taking down the license number of their car; failure of the manager to obtain assistance from other personnel in detaining the suspect when he knew or should have known that he would need physical assistance; and the imprudence of the manager in advising the suspect that he intended to call the sheriff when he knew this would increase the risk that the suspect would attempt to escape.
With regard to her count in nuisance, plaintiff makes the following allegation:
"6. The defendant knew, in pursuing its course of actions as above alleged, through its agents, servants and employees, or in the exercise of due care should have known, that unless defendant was capable of exercising absolute physical control by force without question of success but with absolute assured success in detaining and containing the alleged shoplifter, that harm might come to its patrons and the public, and, therefore, in the exercise of its course of actions the defendant did perpetuate, provoke and cause to exist a condition of danger to its business invitees and a public nuisance, as a result of which the plaintiff was injured * * * "
Turning first to plaintiff's count in negligence, it should be noted that while the factual situation is one of first impression before us, the rule of law governing liability of a land occupier to a business invitee for acts of a third person on the premises is well-established in Florida. The court in Walker v. Feltman, Fla.App. 1959, 111 So.2d 76, states it as follows:
"A proprietor is not an insurer of the safety of his customers but is charged with the duty of maintaining his premises in a reasonably safe condition and guarding against subjecting a customer to dangers of which the proprietor is cognizant or might reasonably foresee."
In that case the store proprietor advertised a limited sale, allowed a crowd to collect outside the doors of his establishment, then threw open the doors, shouting "Go!" Plaintiff was trampled in the resulting melee. The district court on those facts found that the duty described above owed to plaintiff by the store owner was breached, inasmuch as the owner could reasonably have anticipated the formation of the crowd, and should have provided safeguards against injuries.
The most nearly analogous Florida case to the instant case is Wometco Theatres Corp. v. Rath, Fla.App. 1960, 123 So.2d 472, in which plaintiff was struck by a suspected child molester who was attempting to flee from defendant's theatre. The court held the theatre not liable, concluding, "* * * [I]t is clear that the defendant's employees did not know, nor could they have reasonably anticipated, that the suspected child molester was a violent person or that he would react in the manner described."
*159 It is apparent from these two cases, and numerous others decided in Florida involving a multitude of factual situations[1] that the principal question is one of foreseeability. Unless defendant in the case sub judice should reasonably have anticipated violence on the part of the suspected shoplifter, then clearly it had no duty to take the extraordinary safety measures alleged by plaintiff to have been negligently omitted.
In considering the question of foreseeability, we find the reasoning of Wometco Theatres Corp. v. Rath, supra, persuasive: "Mere knowledge that a person may be a child molester is not knowledge that he would become violent, nor is it sufficient knowledge from which the defendant's employees could have reasonably anticipated violence which would or might result in injury to another patron." There is no more reason to fear violence by a shoplifter than a child molester, perhaps less, since the crime of petty larceny is usually less serious and carries with it a less severe social stigma than child molesting.
Absent some foreknowledge of danger against which the store might have had time to prepare itself, we believe that the defendant did not breach its duty of reasonable care to guard its business invitees against injuries by third persons.
With regard to plaintiff's count in nuisance, we find it to be entirely without merit. That count is predicated upon defendant's negligence in attempting to detain the shoplifter without absolute assurance of success, thereby creating a danger of harm to its business invitees and a "public nuisance." But we have just found that a storeowner is not negligent, absent special circumstances, in attempting to detain suspected shoplifters, and does not create any foreseeable risk of harm to business invitees by doing so. Therefore, plaintiff's nuisance theory must fall with her negligence theory, since she has failed to allege any facts showing a breach of duty owed to her by defendant as a business invitee.
Affirmed.
CROSS, C.J., and METZGER, JOSEPH P., Associate Judge, concur.
NOTES
[1] See for example: Warner v. Florida Jai Alai, Inc., Fla.App. 1969, 221 So.2d 777; Winn-Dixie Stores, Inc. v. Miller, Fla. App. 1969, 220 So.2d 680; Sparks v. Ober, Fla.App. 1966, 192 So.2d 81; Nance v. Ball, Fla.App. 1961, 134 So.2d 35.