305 So.2d 255 (1974)
Moises M. ROTBART, Appellant,
v.
JORDAN MARSH COMPANY, a Florida Corporation, and Liberty Mutual Insurance Company, Appellees.
No. 74-781.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Frates, Floyd, Pearson, Stewart, Proenza & Richman and Andrew C. Hall, Miami, for appellant.
Stephens, Magill, Thornton & Sevier and Ronald Willis, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
HENDRY, Judge.
Appellant, plaintiff in the trial court, seeks review of an order granting the defendants' motion to dismiss his amended complaint with prejudice.
Appellant filed suit against the defendant Jordan Marsh Company and its insurance *256 company seeking damages in excess of $500,000.
His complaint alleged that on the afternoon of May 1, 1971, appellant drove his car into the second floor parking garage at the 163rd Street Jordan Marsh Department Store, intending to patronize the store.
After parking his vehicle, appellant walked to an elevator and discovered it was not operating. The complaint alleged that no sign was posted indicating the elevator wasn't working or that a staircase was available as an alternative.
Further, the complaint stated that while searching for an exit, the appellant was accosted by two armed robbers, who robbed him, beat him, and left him unconscious and severely injured.
The appellant charged Jordan Marsh with negligence in failing to maintain the elevator in working order or failing to have an exit marked as required by law, or alternatively in failing to provide adequate security protection to patrons to prevent such criminal assaults which appellant contends are reasonably foreseeable.
As support for this latter contention, appellant stated in his amended complaint that Jordan Marsh maintains a security staff trained to prevent similar thefts against the store, but not instructed to prevent such activities directed against the store's patrons.
Our sole concern in this case is whether or not as a matter of law the appellant's complaint states a cause of action. We think it does.
Both parties concede that appellant occupies the legal position of a business invitee. Therefore, the defendant owes him the duty of keeping its premises in a reasonably safe condition, and to guard against subjecting him to dangers of which Jordan Marsh is cognizant or which it reasonably might have foreseen. McNulty v. Hurley, Fla. 1957, 97 So.2d 185; Graham v. Great Atlantic & Pacific Tea Company, Fla.App. 1970, 240 So.2d 157.
We believe that the facts and circumstances of this case as set forth in the amended complaint create a triable issue. See, Sparks v. Ober, Fla.App. 1966, 192 So.2d 81.
Therefore, for the reasons stated, we conclude that the order appealed must be reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed and remanded.