RAWLS, Acting Chief Judge.
Mid-State Homes (appellant-plaintiff) filed the instant suit to set aside a tax deed and now appeals from an adverse judgment. The issue asserted by Mid-State is that it was the legal titleholder of record and that the clerk of the circuit court failed to give it notice prior to selling the property at a tax deed sale.
On August 18, 1972, Mid-State acquired a certificate of title to the subject property. The certificate did not reflect an address for Mid-State.[1] On September 6, 1973, the Clerk of the Circuit Court in and for Volusia County published and mailed a notice of application for a tax deed to the owner of the property whose name and address appeared on the tax roll for the year in which taxes were last extended on such property.[2] A tax deed sale was had and certificate of title issued to appellees. Mid-State, in seeking to set aside the tax deed, relies upon Florida Statute 197.256, the “notice” statute, which became effective July 1, 1973. This statute directs the clerk to mail a copy of the notice to:
“ . . . the legal titleholder . of record ... if the address of the owner appears on the record of the conveyance of the lands to the owner, or, if the address of the owner does not appear thereon, then the notice shall be mailed to the owner to whom the property was assessed on the tax roll for the year in which the property was last assessed...."
It is uncontroverted that Florida Statute 197.256 governed the sale of the subject property. Likewise, it is uncontroverted that the address of the legal titleholder of record did not appear on the “record of conveyance”. Paraphrasing the language *44 of Bailey v. Folks,[3] reading salient words of the statute (F.S. 197.256) in their normal context, we are persuaded that the legislature directed the clerk to mail a copy of the notice to the legal titleholder of record if the address of the owner appears on the record of the conveyance, and if the address does not appear thereon, the notice shall be mailed to the owner to whom the property was last assessed.
In the instant cause, the critical address was not shown on the conveyance of record, therefore, the clerk fulfilled his duty when he mailed the notice to the owner to whom the property was last assessed.
AFFIRMED.
MILLS and SMITH, JJ., concur.

. The certificate of title was prepared by Mid-State’s attorney.

. Florida Statute 197.505, as of June 30, 1973.

. Bailey v. Folks, 182 So.2d 477 (Fla.App.1st 1966).