SMITH, Judge,
dissenting:
Appellant, a shopper in the A & P, was knocked down and injured when a shoplifter ran into her in an effort to elude A & P employees in a rather extended chase up and down the aisles. The trial court entered summary judgment for A & P. Deposition testimony established that there were thirty to fifty shoplifting attempts per day at this store, yet A & P employees were given no instructions on how to deal with shoplifters, whether and to what extent shoplifters should be chased, and how to warn or otherwise avoid, injury to unaware customers in the path of any chase. An A & P employee, observing the chase from an office, had ready access to the store microphone and loudspeaker system.
I do not think A & P demonstrated its nonliability as a matter of law. See Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977). A jury should decide whether A & P failed to act with reasonable care to protect its customers from the consequences of chasing shoplifters around the store. A & P surely is not an insurer of its customers’ safety, but the foreseeable consequences of dealing with the shoplifting epidemic in this way required A & P to use reasonable care. Graham v. Great Atlantic & Pacific Tea Co., Inc., 240 So.2d 157 (Fla. 4th DCA 1970); Warner v. Florida Jai Alai, Inc., 221 So.2d 777 (Fla. 4th DCA 1969); Nance v. Ball, 134 So.2d 35 (Fla. 2d DCA 1961); Walker v. Feltman, 111 So.2d 76 (Fla. 3d DCA 1959). Given that such a duty exists, a jury should decide whether the care used was reasonable under the circumstances.
I would reverse the summary judgment.