367 So.2d 1026 (1979)
ORKIN EXTERMINATING COMPANY, INC., a Foreign Corporation, Appellant,
v.
Alice CULPEPPER, Appellee.
No. 77-1961.
District Court of Appeal of Florida, Third District.
January 16, 1979.
Rehearing Denied March 16, 1979.
Walton, Lantaff, Schroeder & Carson and N. James Turner, Miami, for appellant.
Errol S. Cornell, Coral Gables and Edward Almeyda, Miami, for appellee.
Before HENDRY and KEHOE, JJ., and PIERCE, WILLIAM C. (Ret.), Associate Judge.
PER CURIAM.
Appellant/defendant appeals the following final judgment rendered in favor of appellee/plaintiff:
"This action was tried before the Court on July 13, 1977. The Plaintiff was present and represented by counsel, and the Defendant Corporation was present and represented by counsel. Upon the evidence adduced and exhibits admitted I find as follows:
"1. That the Court has jurisdiction over the subject matter and over the person of the Defendant.
"2. That on February 19, 1975 the Plaintiff and the Defendant entered into a Fumigation Agreement Contract whereby the Defendant would fumigate the Plaintiff's residence located at 1991 N.W. 81st Terrace, in Miami, Florida.
"3. That on or about August 5, 1975 the Plaintiff relinquished control over her property to the Defendants at which time *1027 the Defendants placed a tent over the Plaintiff's property and inserted a lethal gas into the tent.
"4. That during the time that the tent was placed over the Plaintiff's home the Plaintiff was unable to go inside her home.
"5. That prior to the tenting the Defendants gave the Plaintiff a written set of instructions with which the Plaintiff complied and which required her to either unlock all exterior doors or to make the keys available.
"6. That while the Plaintiff's home was covered by the Defendant's tent this home was broken into by persons unknown and certain items of property belonging to the Plaintiff were taken.
"7. That the fair market value of this property was $450.00.
"8. That prior to the tenting of the Plaintiff's home by the Defendants, other homes which have been tented by the Defendants have been broken into by persons unknown.
"9. That the Defendants failed to warn the Plaintiff of these other breaking-in incidents prior to the tenting of her home on August 6, 1975.
"10. That the Defendants were negligent in failing to provide adequate security for the Plaintiff's home while it was being tented and in failure to warn her of the previous incidents involved in break-ins.
"ORDERED AND ADJUDGED that final judgment is hereby entered in favor of the Plaintiff, Alice Culpepper, and against the Defendant, Orkin Exterminating Company, Inc., and that the Plaintiff, Alice Culpepper, recover from the Defendant, Orkin Exterminating Company, Inc., the sum of $450.00; and it is further
"ORDERED AND ADJUDGED that the Plaintiff, Alice Culpepper shall have and recover her costs from the Defendant, Orkin Exterminating Company, Inc., to be hereinafter taxed on Motion and Notice at a later date.
"DONE AND ORDERED in Chambers at Miami, Dade County, Florida this 19th day of August, 1977."
Needless to say, the above final judgment arrives in this court clothed with a presumption of correctness, with the burden upon appellant to make error clearly appear. Federated Department Stores, Inc. v. Planes, 305 So.2d 248 (Fla. 3d DCA 1974). While appellant persuasively argues that the relationship of bailee-bailor was not created by the contracting parties, we note that appellee's complaint travelled upon an alternate cause of action based upon negligence. It was this alternate theory that the trial judge relied upon in rendering the final judgment set forth above.
In addressing itself to appellant's negligence cause of action, appellee contends that the criminal act of a third party (thief) is an intervening and/or superseding cause, absolving it of any liability in a negligence action. In addressing itself to this same point, our Supreme Court, in Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977), opined that the factual question of foreseeability would control the issue of whether a criminal act amounts to an intervening cause, insulating a negligent party from liability. In paragraph nine of the above judgment, the trier of fact, in this case, the learned trial judge, impliedly found that, based upon knowledge of prior burglaries of the kind suffered by appellee, such an incident should have been foreseeable to appellant. Accordingly, it was not erroneous for the judge to conclude that appellant was negligent in both failing to warn appellee of previous break-ins and/or providing for adequate security.
All points raised by appellant having been considered by this court and, no error having been clearly shown, the final judgment is therefore affirmed.
Affirmed.