377 So.2d 1013 (1979)
Donna DRAKE, Individually, and Donna L. Drake, As Personal Representative of the Estate of David G. Drake, Deceased, Appellant,
v.
SUN BANK AND TRUST COMPANY OF ST. PETERSBURG, a Florida Corporation, Appellee.
No. 79-32.
District Court of Appeal of Florida, Second District.
December 21, 1979.
*1014 John M. Edman of Meros, Coit, Edman, Meros & Smith, P.A., St. Petersburg, for appellant.
James C. Hadaway of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellee.
GRIMES, Chief Judge.
Appellant argues the legal sufficiency of her complaint which the court dismissed with prejudice for failure to state a cause of action.
According to the complaint, appellant's husband went to the Sun Bank and Trust Company of St. Petersburg to transact some business. While in the bank parking lot, he was kidnapped and driven to a remote location in Pinellas County where he was robbed and murdered. Appellant alleged that the bank knew that its customers often carried cash and other valuable items while using the parking lot and yet failed to have adequate security devices or personnel present to protect them. She contended that her husband's murder was a direct and proximate result of the bank's negligence in failing to provide protection and security in the parking lot.
Ordinarily, a property owner has no duty to protect a person on his premises from the criminal attack of a third party. 62 Am.Jur.2d Premises Liability § 200 (1972). However, there are some circumstances where the courts have imposed liability because of the owner's prior knowledge of the danger or because of a special relationship between the parties. Annot., 10 A.L.R.3d 619 (1966). Thus, Prosser states:
There is normally much less reason to anticipate acts on the part of others which are malicious and intentionally damaging than those which are merely negligent; and this is all the more true where, as is usually the case, such acts are criminal. Under all ordinary and normal circumstances, in the absence of any reason to expect the contrary, the actor may reasonably proceed upon the assumption that others will obey the criminal law. Under such ordinary circumstances, it is not reasonably to be expected that anyone will intentionally tamper with a railway track, blow up a powder *1015 magazine, forge a check, push another man into an excavation, assault a railway passenger, or hold up a bowling alley and shoot a patron. Although such things do occur, as must be known to anyone who reads the daily papers, they are still so unlikely in any particular instance that the burden of taking continual precautions against them exceeds the apparent risk.
There are, however, other situations, in which either a special responsibility resting upon the defendant for the protection of the plaintiff, or an especial temptation and opportunity for criminal misconduct, brought about by the defendant, will call upon him to take precautions against it.
W. Prosser, Prosser on Torts 173-74 (4th ed. 1971). Courts often consider the issue in terms of foreseeability. E.g. Wallace v. Der-Ohanian, 199 Cal. App.2d 141, 18 Cal. Rptr. 892 (1962); Corbitt v. Ringley-Crockett, Inc., 496 S.W.2d 914 (Tenn. Ct. App. 1973). Yet, in one of the leading cases on the subject, the court observed that the question is not merely whether a criminal event is foreseeable but whether a duty exists to take measures to guard against it. Goldberg v. Housing Authority of Newark, 38 N.J. 578, 186 A.2d 291 (1962). A few courts have even characterized their decisions as based simply on principles of fairness. E.g. Atamian v. Supermarkets General Corp., 146 N.J. Super. 149, 369 A.2d 38 (1976). Also, some recognize the difficulties and expense of providing adequate protection as relevant factors. E.g. Stevenson v. Kansas City, 187 Kan. 705, 360 P.2d 1 (1961). In any event, liability will exist only where the likelihood of the misconduct and the unreasonable risk of it outweighs the burden of protecting against it.
The few Florida cases on the subject are consistent with these principles. In Murray v. Osenton, 126 So.2d 603 (Fla.2d DCA 1961), our court held that the owner of a service station was not liable for the shooting of one of its employees during the course of a nighttime robbery. Allegations that the defendant knew of the likelihood of service station robberies in Orlando and yet failed to take reasonable measures to protect the plaintiff whom he required to work alone at night simply did not constitute "exceptional circumstances or conditions creating a foreseeable danger which would give rise to a duty by the defendant to protect the plaintiff from the assaults of criminals." 126 So.2d at 605.
The court in Gottschalk v. Smith, 334 So.2d 102 (Fla.3d DCA 1976), reversed a judgment against the operator of a service station for injuries inflicted by one of his customers. There had been an argument between the plaintiff and another customer in the presence of the service station operator which had apparently subsided. Then, as the two began to leave, the argument began anew and the plaintiff received injuries during the ensuing fight. In pointing out that there were no facts to show that the defendant could have anticipated the attack, the court said:
The law is clear that in order for the proprietor of a public place to be held liable for a breach of a duty to a customer he must have either actual or constructive knowledge of the particular risk involved and/or a reasonable opportunity to protect him from that risk.
334 So.2d at 103.
Do the allegations of the complaint at hand bring this case within the applicable legal principles so as to permit recovery? To put it another way, have sufficient facts been alleged to meet the test of foreseeability which would impose a duty upon the bank to furnish protection to appellant's decedent? We think not.[1] The only allegations bearing on foreseeability were that because it was a bank, appellee knew its customers often carried cash and could anticipate that they might be robbed in the parking lot. There were no allegations of advance warning of the attack, nor were *1016 there allegations of similar incidents having previously occurred in the parking lot. Since the attack took place during daylight hours, the adequacy of lighting was not involved. There was no suggestion that appellant's decedent had requested protection or that the bank had agreed to provide it. To sustain the allegations of this complaint would mean that every bank with a parking lot would become a virtual guarantor of the safety of its patrons.
We share the views of the court in Burgess v. Chicopee Savings Bank, 336 Mass. 331, 145 N.E.2d 688 (1957), which stated:
It is true that bank robberies are not uncommon occurrences. But banks are not obliged to go to unreasonable lengths to prevent them. They are required to exercise reasonable care to protect those who are upon their premises to transact business. They are not insurers. And they cannot be held accountable for the criminal acts of third persons under any and all circumstances.
145 N.E.2d at 690.
The court below properly dismissed the complaint for failure to state a cause of action. However, because the complaint was lacking only in the absence of sufficient allegations of fact, we think that appellant should have an opportunity to amend so that the court may measure such additional facts as she may be able to allege against the principles set forth in this opinion. See Fouts v. Margules, 98 So.2d 394 (Fla.3d DCA 1957).
AFFIRMED in part; REVERSED in part.
HOBSON and SCHEB, JJ., concur.
NOTES
[1] Unlike Pitts v. Metropolitan Dade County, 374 So.2d 996 (Fla.3d DCA 1979), we are not dealing with the negligence of security guards already in place. See Cornpropst v. Sloan, 528 S.W.2d 188 (Tenn. 1975), a case involving a criminal assault in a shopping center parking lot, in which the court sharply differentiates between misfeasance and nonfeasance.