386 So.2d 4 (1980)
Agustin FERNANDEZ, Appellant,
v.
MIAMI JAI-ALAI, INC., a Florida Corporation, and Edison Parking Corporation of Florida, a Florida Corporation, Appellees.
Nos. 79-962, 79-1409.
District Court of Appeal of Florida, Third District.
July 22, 1980.
*5 Stabinski, Funt, Levine & Vega and Regina F. Zelonker, Miami, for appellant.
Talburt, Kubicki & Bradley and Betsy E. Hartley; Pyszka, Kessler & Adams and Phillip D. Blackmon, Miami, for appellees.
Before HENDRY, HUBBART and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Agustin Fernandez's complaint for damages against Miami Jai-Alai, Inc. and Edison Parking Corporation of Florida was dismissed with prejudice. Fernandez alleged that he went to the fronton premises owned by Miami Jai-Alai, Inc. to watch and wager on the jai-alai games and while in the inadequately lighted parking lot (operated by Edison by virtue of a contract with Miami Jai-Alai, Inc.) was assaulted and stabbed by unknown persons who set about to rob him. He alleged also that the defendants (a) knew that like crimes of violence had previously occurred in the parking lot; (b) had reason to anticipate and foresee that such crimes would occur in the future; (c) knew or should have known that a large percentage of the fronton patrons carried substantial amounts of money; (d) knew that the premises were in a high crime area; (e) provided an inadequate number of security guards; (f) provided inadequately trained security guards; (g) knew or should have known from the coexistence of these factors that persons like Fernandez's assailants would be tempted to take a chance, not at jai-alai, but at the more serious game of robbery; and (h) despite their knowledge, failed to warn Fernandez of the danger.
We agree with Fernandez that his complaint stated a cause of action and should not have been dismissed. Among the duties owed by the defendants to Fernandez, a business invitee, is the duty to guard against subjecting such invitee to dangers which the defendants might have reasonably foreseen. Sabatelli v. Omni International Hotels, Inc., 379 So.2d 444 (Fla. 3d DCA 1980); Rotbart v. Jordan Marsh Company, 305 So.2d 255 (Fla. 3d DCA 1974); Sparks v. Ober, 192 So.2d 81 (Fla. 3d DCA 1966). Included among those dangers is a criminal assault by a third party. Holley v. Mt. Zion Terrace Apartments, Inc., 382 So.2d 98 (Fla. 3d DCA 1980); Pitts v. Metropolitan Dade County, 374 So.2d 996 (Fla. 3d DCA 1979); Rotbart v. Jordan Marsh Company, supra. See also Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla. 3d DCA 1976). If an intervening criminal *6 act is foreseeable, the original negligence may be found to be the proximate cause of the damage sustained. Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977); Nicholas v. Miami Burglar Alarm Company, Inc., 339 So.2d 175 (Fla. 1976); Gulfstar, Inc. v. Advance Mortgage Corporation, 376 So.2d 243 (Fla. 3d DCA 1979); Orkin Exterminating Company, Inc. v. Culpepper, 367 So.2d 1026 (Fla. 3d DCA 1979); Angell v. F. Avanzini Lumber Company, 363 So.2d 571 (Fla. 2d DCA 1978).
Fernandez's complaint alleged the requisite foreseeability.[1] The danger which the defendants allegedly could foresee is the danger of robbery of a patron, and a foreseeable consequence of that danger is the injury alleged to have been suffered by Fernandez. The present case is unlike Graham v. Great Atlantic & Pacific Tea Company, 240 So.2d 157 (Fla. 4th DCA 1970), and Wometco Theatres Corporation v. Rath, 123 So.2d 472 (Fla. 3d DCA 1960), where the violent consequences of a foreseeable intervening criminal act are not foreseeable.[2] Nor is the present case one in which the plaintiff seeks to impose liability on the defendants as a result of the unpredictable behavior of a third party. Compare Warner v. Florida Jai Alai, Inc., 221 So.2d 777 (Fla. 4th DCA 1969), and Reynolds v. Deep South Sports, Inc., 211 So.2d 37 (Fla. 2d DCA 1968) (no liability on the part of sports establishments for injury caused by drunken fellow patron) with Sabatelli v. Omni International Hotels, Inc., supra, and Sparks v. Ober, supra (liability on the part of tavern for injury caused by drunken fellow patron).[3] Concededly, an owner of a business establishment has no duty to protect his patrons from all crime, see Drake v. Sun Bank & Trust Company of St. Petersburg, 377 So.2d 1013 (Fla. 2d DCA 1979),[4] but he does have a duty to protect them from those crimes which may be shown to be reasonably foreseeable and which may be shown to result in foreseeable risks.
Reversed.
NOTES
[1] The defendants essentially concede that the adequacy of the allegations concerning foreseeability is the only issue on appeal.
[2] In Graham, the plaintiff was knocked down by a suspected shoplifter attempting to flee the defendant's store; in Wometco, the plaintiff was struck by a suspected child molester attempting to flee the defendant's theater. While the crimes of shoplifting and molesting might be foreseeable to owners of a grocery store and a theater, the foreseeable specific risk of these crimes is not that a patron would be hit and knocked down.
[3] The distinction between injury caused by a drunk in a tavern or bar and injury caused by a drunk elsewhere is one of foreseeability. Of course, where a plaintiff can point to specific knowledge on the part of a non-tavern establishment which would make an attack by a drunk foreseeable, liability may be imposed.
[4] In Drake, the Second District held that the complaint did not contain sufficient allegations of the bank's foreseeability that its customers would be robbed in its parking lot. The plaintiff there merely alleged that the bank knew its customers often carried cash and therefore might be robbed. As distinguished from the complaint in the present case, the Drake complaint contained no allegations of prior incidents known to the bank, or any allegations that the bank recognized a danger by providing security guards. While the court in Drake upheld the trial court's dismissal, it gave the plaintiff leave to amend, recognizing that allegations of foreseeability would render the complaint sufficient.