DAUKSCH, Chief Judge.
This is an appeal from a judgment in a personal injury case. The trial court erred in failing to give two requested jury instructions: Florida Standard Jury Instruction 3.1(a) entitled “duty to use reasonable care” and Florida Standard Jury Instruction 3.1(b) entitled “vicarious liability.” It is axiomatic that each party is entitled to have the jury instructed on his theory of the case. Seguin v. Houser Motor Co., 350 So.2d 1089 (Fla. 4th DCA 1977). Among various allegations of fault, plaintiff maintained at trial that appellee’s employee failed to properly warn or instruct her in the manner best to descend the “Flume,” a water course plummeting from the heights to a plunge in the watery depths below. At trial appellant took the position that appel-lee owed her a duty to assure her safety because she was a patron at that business place. The standard of care owed a business invitee is one of reasonable care. Drake v. Sun Bank & Trust Co., Etc., 377 So.2d 1013 (Fla. 2d DCA 1979). The appellant was entitled to that instruction at trial.
Because of the failure to give these two instructions, we must reverse the judgment for a new trial.
REVERSED AND REMANDED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.