PER CURIAM.
After transacting business with the ap-pellee bank, appellant’s decedent was kidnapped from the bank’s parking lot, robbed and murdered. The amended complaint is replete with conclusory allegations.[1] The trial court properly dismissed the amended complaint for failure to state a cause of action. However, the appellant may be able to allege sufficient facts to state a *332 cause of action. Ergo, we believe appellant should have further opportunity to amend so that the trial court may consider such additional facts in the light of the principles set forth in Drake v. Sun Bank & Trust Co., 377 So.2d 1013 (Fla.2d DCA 1979).
AFFIRMED IN PART; REVERSED IN PART.
HERSEY and GLICKSTEIN, JJ, and RIVKIND, LEONARD, Associate Judge, concur.

. The amended complaint with formal parts omitted alleges as follows:
4. The Defendant bank is a banking institution open to the public. Among its other functions, the Defendant bank invites members of the public to utilize the bank for the purposes of depositing, saving, withdrawing and borrowing money.
5. Due to the nature of the banking business wherein substantial cash sums are deposited and withdrawn on a daily basis during banking hours, the Defendant, THE FIRST NATIONAL BANK & TRUST COMPANY OF RIVIERA BEACH, during all times material hereto, owed a duty to all of its customers to protect them from unreasonable risks of harm, including but not limited to providing a safe place to transact business and to secure against robberies and great bodily harm often associated therewith.
6. On or about Friday, January 12, 1979, the Plaintiffs decedent, ROBERT R. ABBLETT was a customer and business invitee of the Defendant bank. ROBERT R. ABBLETT entered the bank to transact business and among other banking transactions with THE FIRST NATIONAL BANK & TRUST COMPANY OF RIVIERA BEACH, a National Banking Association, obtained a sum of cash from the bank in excess of $1,700.00. ROBERT R. ABBLETT was a regular customer at the bank, known to several banking employees, who often transacted business with the Defendant bank in his duties as comptroller of Rybovich Marina, Inc. As he exited the inside of the bank building with due regard to his own safety, ROBERT R. ABBLETT was assailed at gunpoint and forced into a car parked in the bank parking lot by an armed gang who had conspired in the bank’s own parking lot to commit their action against ROBERT R. ABBLETT. ROBERT R. AB-BLETT was abducted from the bank premises, robbed and murdered. MR. ABBLETT was shot four times in the back of the head and his body was thrown into a canal. *332 7. The Defendant, THE FIRST NATIONAL BANK & TRUST COMPANY OF RIVIERA BEACH, breached its duty, as aforestated, owed to ROBERT R. ABBLETT. As a result of its negligence, wanton, willful, and reckless disregard for the safety of ROBERT R. ABBLETT, he was kidnapped from the bank premises and murdered.
Crimes such as that perpetrated against ROBERT R. ABBLETT are foreseeable risks inherent in the banking business which a bank such as the Defendant had an absolute duty to secure against. At said time and place, Defendant bank owed a duty to Plaintiffs decedent to provide him a reasonably safe premise to transact business and for ingress and egress to and from his car while on the bank’s property.
8. Defendant bank further owed Plaintiff’s decedent a duty to protect him from the risk of reasonably foreseeable criminal activities occurring on its premises and the incident in question was reasonably foreseeable.
9. Defendant bank further owed Plaintiff’s decedent a duty to protect him from persons lurking about the premises and lying in wait by adequately inspecting the premises, including the parking area, so as to discover the whereabouts of such persons on the premises so as to discourage the criminal acts.
10. Defendant bank further owed a duty to prevent the assault and abduction upon ROBERT R. ABBLETT and/or to come to his aid and rescue in the event of an attack upon him.
11. Defendant bank further owed ROBERT R. ABBLETT a duty to warn him as to the risks to his safety and well being in walking to his car in the bank parking lot.
12. Defendant bank owed ROBERT R. AB-BLETT a duty to provide adequate security in its parking areas and to discover breaches of security.
13. At said time and place, the Defendant bank knew or should have known that numerous crimes against banking institutions in the area had recently occurred as well as a rash of armed robberies to other businesses and that such were likely to be committed again unless adequate security measures were employed by the Defendant bank; the decedent had no knowledge of the increased danger and risk.
14. At said time and place, Defendant bank employed only one security guard who was inside of the bank and provided no security for the outside drive-in tellers or the bank parking lot and such was grossly, negligently and recklessly inadequate to protect the Plaintiff’s decedent against the foreseeable harms to be secured against.
15. Defendant further breached its duty to ROBERT R. ABBLETT in that they knew, or by the exercise of reasonable care, should have known that the bank parking lot provided for its customers was and is a high risk crime area and grossly inadequate security was furnished to those lawfully using the premises.
16. Defendant bank further breached its duty to Plaintiff’s decedent in that the security guard used by the Defendant bank to protect its invitees was incapable, insufficient and inadequate to properly patrol the bank and parking area so as to protect ROBERT R. ABBLETT from being criminally assaulted, kidnapping and murdered.
17. Defendant further breached its duty to the Plaintiff’s decedent in that with knowledge of the fact that the bank parking lot was foreseeably an area where crimes could easily be perpetrated against bank customers, they failed to adequately surveil, secure, and patrol the parking lot and exterior bank drive-in areas, thus enabling and affording an opportunity to persons of criminal intent to lurk about, loiter and lie in wait on the bank premises creating an unreasonable risk to bank customers such as ROBERT R. AB-BLETT which risk was reasonably foreseeable to the Defendant bank.
18. As a result of the careless, negligent, willful and reckless conduct of the Defendant bank and Defendant bank’s breach of its aforestated duties, the Plaintiff’s decedent, ROBERT R. ABBLETT was attacked, abducted and murdered in a horrible, grisly and cold blooded manner. ROBERT R. ABBLETT suffered pain, anguish and the loss of his life. ROBERT R. ABBLETT is survived by his wife and three minor children who themselves suffered pain and mental anguish as well as a loss of income and support all causing damage. The surviving minor children of ROBERT R. ABBLETT are Abby Abblett, age 17, born December 12, 1962; Terese Abblett, age 16, born January 21, 1964; and Thomas Ab-blett, age 14, born October 4, 1965. In addition, ROBERT R. ABBLETT left four (4) other children who have previously attained their majority.