PER CURIAM.
The Philips, tenants in a small apartment complex, brought suit against the owners, the Rodriguezes. The plaintiffs alleged that the Rodriguezes were negligent by failing to make the premises secure and that such negligence proximately caused their damages when certain personalty was stolen from the Philips’ apartment during the absence of the tenants occasioned by the apartment complex being tented for fumigation. The Philips alleged that the owners “knew or in the exercise of reasonable care should have known, that when a building is being tented and thereby vacated, said building is a prime candidate for burglaries.”[1]
At the ensuing non-jury trial, no testimony was elicited to prove that the intervening criminal act was foreseeable. Indeed, the unrebutted testimony of Mr. Rodriguez was that he knew of no prior burglaries in the area and had never heard of anyone breaking in under a fumigation tent. Compare Orkin Exterminating Company, Inc. v. Culpepper, 367 So.2d 1026 (Fla. 3d DCA 1979). However, the parties concede (although the incomplete record before us does not so reflect) that at the conclusion of the case and immediately prior to finding for the tenants, the trial court supplied the missing proof by, sua sponte, taking judicial notice of the fact that burglaries of structures tented for fumigation are so common in the community as to make that intervening criminal act reasonably foreseeable by the landlord. The court thus found the criminal act reasonably foreseeable and entered judgment for the tenants.
It may well be that this fact would have been susceptible of being judicially noticed. The problem here, however, is that before this evidence (in the form of a judicially noticed fact) is admissible, a court must “afford each party reasonable opportunity to present information relevant to the propriety of taking judicial notice and to the nature of the matter noticed.”[2] § 90.204, Fla.Stat. (1979). See generally R. A. v. State, 400 So.2d 1059, 1060 (Fla. 3d DCA 1981) (Pearson, Daniel, J., concurring specially). This was not done by the trial court, and accordingly, we must reverse the judgment below.
Reversed and remanded for a new trial.

. The owners did not move to dismiss the complaint on the ground that the allegations of foreseeability were insufficient. See Fernandez v. Miami Jai-Alai, Inc., 386 So.2d 4 (Fla. 3d DCA 1980).

. It is also likely that the court could not have judicially noticed this fact without resort to a documentary source of information, such as newspaper reports or police statistics, which the court was required to make part of the record and give “each party reasonable opportunity to challenge such information, and to offer additional information” before taking judicial notice. See § 90.204(3), Fla.Stat. (1979).