# ESTATE OF BATRES, etc. v FLORIDA PATROL INVESTIGATOR, INC., et al.

## Case No. 88-34122 CA 25

Eleventh Judicial Circuit, Dade County

July 20, 1989

### APPEARANCES OF COUNSEL

**Manuel R. Morales, Jr.**

**A. Koss**

**Mary E. Hoerber**

### OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

*SUMMARY FINAL JUDGMENT*

THIS CAUSE was heard on July 11, 989, upon the Defendant's NAVARRO DISCOUNT PHARMACIES NO. 2, INC., d/b/a NAVARRO AND SONS DISCOUNT PHARAMCY AND NAVARRO DISCOUNT PHARMACY, Motion for Summary Judgment and the Court having considered the pleadings, affidavits, depositions, and

memoranda of law on file at the time and having heard argument by counsel, the Court finds that:

1. There is no genuine issue as to any material fact in this case. The material facts are as follows: That on November 28, 1987, ISABEL BATRES and her son, RICARDO BATRES, age 5, entered the Navarro Pharmacy for the purpose of shopping. ISABEL BATRES allowed her son to pay with some toys displayed on a table near the front of the store while she shopped in another area of the store. Said child thereafter apparently assumed that his mother had left the store without him. The child then exited from the store and apparently was attempting to return home. He was struck by an automobile and fatally injured as he endeavored to cross S. W. 8th Street. This is a most unfortunate set of circumstances.

2. The Court has carefully considered the memorandum of law submitted by respective counsel and the arguments articulated therein.

It is to be noted that in cases cited in plaintiffs' memorandum of law, *Burdines, Inc. v McConnel,* 1 So.2d 462 (Fla. 1941), *Rotbart v Jordan Marsh Company,* 305 So.2d 255 (Fla. 3d DCA 1974), and *McCain v Bankers Life and Casualty Company,* 110 So.2d 718, (Fla.), the plaintiffs were injured on the premises owned or controlled by the defendant, whereas in the instant case the plaintiff was injured on a public street not owned or controlled by the defendant.

Under the circumstances of the instant case, defendant NAVARRO was guilty of no negligence which was a proximate cause of Ricardo's death. *See, Barnett v Wilder,* 507 So.2d 449 (Ky. App. 1974) and *Norfolk and Western Ry. Co. v Estepp,* 204 F.2d 880 (6th Cir. 1953). The only duties a store owner owes to invitees are to keep its property in a reasonably safe condition; to protect invitees from dangers of which it is or should be aware; and, to warn an invitee of concealed dangers which are or should be known to the owner and which are unknown to the invitee and cannot be discovered by him through the exercise of due care. Parents cannot place upon store owners their own responsibility to nurture, protect and supervise their children. Absent a voluntary assumption of such obligation, store owners need not provide babysitting services to customers who enter their store with their children. No such voluntary assumption occurred here. Accordingly, defendant NAVARRO is entitled to summary judgment in its favor.

WHEREFORE, it is Ordered and Adjudged that:

The Motion for Summary Judgment is hereby granted. A Summary Final Judgment is hereby entered in favor of Defendant, NAVARRO

DISCOUNT PHARMACIES NO. 2, INC., d/b/a NAVARRO AND SONS DISCOUNT PHARMACY AND NAVARRO DISCOUNT PHARMACY, and against Plaintiff, THE ESTATE OF RICARDO BATRES, by and through its Personal Representative, MARIO BATRES, and MARIO BATRES and ISABEL BATRES, individually and as Husband and Wife. THE ESTATE OF RICARDO BATRES, by and through its Personal Representative, MARIO BATRES and MARIO BATRES and ISABEL BATRES, individually and as Husband and Wife, shall take nothing by this action and NAVARRO DISCOUNT PHARMACIES NO. 2, INC., d/b/a NAVARRO AND SONS DISCOUNT PHARMACY AND NAVARRO DISCOUNT PHARMACY, shall go hence without day and NAVARRO DISCOUNT PHARMACY NO. 2, INC., d/b/a NAVARRO AND SONS DISCOUNT PHARMACY AND NAVARRO DISCOUNT PHARMACY, shall recover its costs expended on its behalf, to be taxed hereinafter upon notice.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 20th day of July, 1989.