PER CURIAM.
Kmart Corporation appeals the jury verdict which found it liable for injuries to a shopper caused by a fleeing shoplifter. We *1032 reverse because the record contains no evidence that any duty was breached by Kmart.
The facts, briefly stated, are as follows: A suspected shoplifter was spotted by one of Kmart’s department managers, who notified the loss prevention manager, Richard Reese. Mr. Reese confronted the shoplifter and escorted him to a nearby conference room, accompanied by the department manager and an assistant store manager. While Mr. Reese went to call the police, the other two employees remained outside the conference room door. The shoplifter, who until then had been calm and cooperative, suddenly left his chair and ran out of the conference room and through the store, colliding with the plaintiff. The plaintiff was knocked to the floor and suffered a knee injury.
Upon a review of the record, we have determined that the trial court erred in not granting the defendant’s motion for directed verdict at the close of the plaintiff’s case. The record does not show that, in apprehending and detaining the shoplifting suspect, Kmart’s “conduct foreseeably created a broader ‘zone of risk’ that pose[d] a general threat of harm to others.” McCain v. Florida Power Corp., 593 So.2d 500, 502 (Fla.1992). Thus, there was no breach of any duty owed to the plaintiff by Kmart. See Graham v. Great Atlantic & Pacific Tea Co., 240 So.2d 157 (Fla. 4th DCA 1970); see also Fernandez v. Miami Jai-Alai, Inc., 386 So.2d 4, 6 n. 2 (Fla. 3d DCA 1980).
Reversed and remanded for entry of judgment in favor of the defendant Kmart.
SCHOONOVER, A.C.J., and PATTERSON and FULMER, JJ., concur.