BASKIN, Judge
(concurring in part, dissenting in part).
Charles Layne appeals a final summary judgment in favor of Restaurant Management of Florida, Inc., in a negligence action *944 to recover damages suffered when Layne, a customer, was shot during a robbery at a restaurant owned by Restaurant Management. The robber mistakenly believed that Layne was an employee and shot Layne after he failed to comply with the robber’s demand to open the safe. Layne sought recovery based on inadequate security measures and the employees’ failure to protect him.
Although I agree that the trial court correctly ruled that the restaurant employees had no duty to identify themselves to the robber, Schubowsky v. Hearn Food Store, Inc., 247 So.2d 484, 484 (Fla. 3d DCA 1971), writ discharged, 261 So.2d 162 (Fla.1972), I would reverse the summary judgment because genuine issues of fact remain unresolved regarding whether Restaurant Management breached its duty to take proper precautions in protecting its customer from a foreseeable criminal assault.[1]’ [2] “Among the duties owed ... to ... a business invitee[ ] is the duty to guard against subjecting such invitee to dangers which the defendant] might have reasonably foreseen. Included among those dangers is a criminal assault by a third party.” Fernandez v. Miami Jai-Alai, Inc., 386 So.2d 4, 5 (Fla. 3d DCA 1980) (citations omitted). Thus, the record reveals unresolved issues of fact concerning whether Restaurant Management appropriately discharged its duty to Layne.
In addition, I would hold that the trial court erred in striking the security expert’s testimony. The trial court found that certain security or safety measures were unnecessary. As to the foreseeability issue, the expert’s proffered testimony indicated that defendant should have taken certain safety measures in light of criminal activity within a mile of the restaurant. “Florida case law clearly indicates that questions of foreseeability and more specifically adequate security and safety measures, are questions of fact for a jury.” Holiday Inns, Inc. v. Shelburne, 576 So.2d 322, 327 (Fla. 4th DCA), dismissed, 589 So.2d 291 (Fla.1991). Thus, the trial court should have permitted the admission of that testimony.
Accordingly, I would affirm that portion of the summary judgment that finds that the employees had no duty to speak up during the robbery, and would reverse the remaining portions of the judgment.

. I also disagree with the majority's reliance on Murray v. Osenton, 126 So.2d 603 (Fla. 2d DCA 1961), as that case is factually and procedurally distinguishable from this case.

. The final judgment states that "[t]he Court assumes for purposes of the Summary Judgment that the occurrence of a robbery at any retail establishment is foreseeable.” Contrary to Restaurant Management's contentions, (1) proof of prior crimes against property rather than solely against persons, and (2) proof of crimes that occurred off the premises are relevant to the foreseeability issue. Czerwinski v. Sunrise Point Condominium, 540 So.2d 199, 200 (Fla. 3d DCA 1989); Odice v. Pearson, 549 So.2d 705, 706 (Fla. 4th DCA 1989); Paterson v. Deeb, 472 So.2d 1210, 1218 (Fla. 1st DCA 1985), review denied, 484 So.2d 8, 9 (Fla.1986).