## JUDITH ANTRUM *v.* CHURCH'S FRIED CHICKEN, INC.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. 288863
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed March 28, 1985

*Norman Ebenstein,* for the plaintiff.

*Joseph F. Skelley, Jr.,* for the defendant.

L. DORSEY, J. The plaintiff, Judith Antrum, commenced this action for damages against the defendant, Church's Fried Chicken, Inc. She alleges that on June 1, 1982, at approximately 12:30 a.m., she was attacked by three unknown male assailants who inflicted serious personal injuries upon her. At the time of the attack, the plaintiff was waiting in her car in line at the drive-in window on the premises of a Church's Fried Chicken store located in Hartford. In her complaint, the plaintiff alleges that the defendant "had long had notice and knowledge or with reasonable diligence should have had notice and knowledge of the probability of assaults in the area, but neglected to remedy said dangerous condition." The plaintiff alleges that the defendant was negligent in failing to provide adequate security.

The defendant has moved to strike the complaint for failure to state a claim upon which relief can be granted in that no duty was owed to the plaintiff by the defendant.

A motion to strike may be used to challenge the legal sufficiency of a complaint. Practice Book § 152. For purposes of ruling on a motion to strike, all facts well pleaded are admitted, and the allegations are construed in a manner most favorable to the pleader. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980).

The defendant argues that in Connecticut a business proprietor has no duty to protect invitees from the criminal acts of third parties. The defendant acknowledges that special relationships and special circumstances have, at times, given rise to liability for the criminal acts of another. The defendant asserts, however, that the circumstances which impose such liability are not present in the case at bar.

The defendant's motion appears to be predicated on two theories: first, that the defendant was under no duty to protect the plaintiff from criminal acts of third parties; and, second, that the plaintiff failed to allege specific past incidents of crime in the complaint.

"To sustain a cause of action [in negligence], the court must determine whether the defendant owed a duty . . . and the applicable standard of care." (Citations omitted.) *Shore* v. *Stonington,* 187 Conn. 147, 151, 444 A.2d 1379 (1982). The parties do not dispute that the plaintiff was a business invitee. "A business invitee 'is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.' Restatement (Second), 2 Torts § 332." *Corcoran* v. *Jacovino,* 161 Conn. 462, 465, 290 A.2d 225 (1971). The duty owed by the defendant to a business invitee is "the exercise

of reasonable care to have and keep [the premises] reasonably safe for the reasonably to be anticipated uses which he would make of them." *Facey* v. *Merkle,* 146 Conn. 129, 133, 148 A.2d 261 (1959). The defendant therefore had the duty to use reasonable care.

The fact that the plaintiff's injuries were the result of third party criminal acts does not necessarily relieve the defendant of liability. " 'If a defendant's negligence was a substantial factor in producing the plaintiff's injuries, the defendant would not be relieved from liability for those injuries even though another force concurred to produce them.' *Miranti* v. *Brookside Shopping Center, Inc.,* [159 Conn. 24, 266 A.2d 370 (1969)]. And, where the negligence of the actor creates the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct. Restatement (Second), 2 Torts § 442 B; *Miranti* v. *Brookside Shopping Center, Inc.,* supra, 28." *Merhi* v. *Becker,* 164 Conn. 516, 522, 325 A.2d 270 (1973). Since the defendant claims that the plaintiff has failed to state a claim upon which relief can be granted because the defendant cannot be liable for the criminal acts of third parties, and since *Merhi* v. *Becker,* supra, holds otherwise, the motion to strike may not be granted.

The defendant's second argument appears to be that absent an allegation in the complaint that past incidents of criminal acts actually occurred on the premises, the defendant did not breach its duty to use reasonable care. There is, however, no requirement to plead specific incidents of past crimes in order to establish a prima facie case of negligence.

The defendant confuses an essential allegation of negligence—breach of duty—with the facts that must be proven at trial to establish that breach—foreseeability. Whether the defendant breached its duty is determined by examining the foreseeability of the plaintiff's being injured in the manner complained of. " ' "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised." ' " *Frankovitch* v. *Barton*, 185 Conn. 14, 20–21, 440 A.2d 254 (1981). Whether an act is foreseeable is a question of fact to be decided by the jury. See *Pisel* v. *Stamford Hospital*, 180 Conn. 314, 333, 430 A.2d 1 (1980); *Merhi* v. *Becker*, supra.

There have been numerous cases in other jursidictions which have addressed the liability of a business proprietor for the injuries sustained to an invitee as the result of the criminal acts of a third party. See, e.g., *Winn-Dixie Stores, Inc.* v. *Johnstoneaux*, 395 So. 2d 599 (Fla. App. 1981); *Fernandez* v. *Miami Jai-Alai, Inc.*, 386 So. 2d 4 (Fla. App. 1980); *Kraustrunk* v. *Chicago Housing Authority*, 95 Ill. App. 3d 529, 420 N.E.2d 429 (1981); *Atamian* v. *Supermarkets General Corporation*, 146 N.J. Super. 149, 369 A.2d 38 (1976); *Picco* v. *Fords Diner, Inc.*, 113 N.J. Super. 465, 274 A.2d 301 (1971); *Nallan* v. *Helmsley-Spear, Inc.*, 50 N.Y.2d 507, 407 N.E.2d 451 (1980); *Stalzer* v. *European American Bank*, 113 Misc. 2d 77, 448 N.Y.S.2d 631 (1982); *Skaria* v. *State*, 101 Misc. 2d 711, 442 N.Y.S.2d 838 (1981); *Morris* v. *Barnette*, 553 S.W.2d 648 (Tex. Civ. App. 1977); *Eastep* v. *Jack-In-The-Box, Inc.*, 546 S.W.2d 116 (Tex. Civ. App. 1977); where the proprietors were held liable for the injuries sustained by invitees as a result of third party criminal attacks. But see *Gillot* v. *Washington Metropolitan Area Transit Authority*, 507 F. Sup. 454 (D.D.C. 1981); *Henley* v. *Pizitz Realty Co.*, 456 So. 2d 272 (Ala. 1984); *Latham* v. *Aronov Realty Co.*, 435 So. 2d 209 (Ala. 1983);

*Berdeaux* v. *City National Bank of Birmingham,* 424 So. 2d 594 (Ala. 1982); *Taylor* v. *Hocker,* 101 Ill. App. 3d 639, 428 N.E.2d 662 (1981); *Pennington* v. *Church's Fried Chicken, Inc.,* 393 So. 2d 360 (La. App. 1980), where a proprietor was not held liable for the injuries sustained by an invitee as a result of a third party criminal attack.

The cases cited above in support of imposing liability held that when the foreseeability of the harm which occurred to the plaintiff was proved at trial to have been known, actually or constructively, by the proprietor, then he was liable. The holding in each case turned on whether prior crimes had occurred on or near the premises so as to have put the proprietor on notice that precautions were necessary to protect invitees. Absent past crimes, the injuries sustained by the invitee were held not foreseeable.

In the cited cases, the issue of foreseeability was decided by the evidence presented at trial. A recitation of specific incidents of past crimes, while going to the foreseeability of the incident in question, is not required to support a cause of action for negligence. A motion to strike must fail if the facts provable under the allegations would support a cause of action. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980); *Cyr* v. *Brookfield,* 153 Conn. 261, 263, 216 A.2d 198 (1965). Since a cause of action here has been pleaded, the motion to strike may not be granted.

The defendant also presents two public policy arguments which it claims bar the cause of action. The defendant contends that the imposition of the cause of action asserted by the plaintiff would have an unfair impact upon proprietors operating in urban areas by imposing upon them the cost of providing security. The

defendant also contends that the duty the plaintiff seeks to impose upon it is too vague and uncertain adequately to adhere to.

In *Butler* v. *Acme Markets, Inc.*, 89 N.J. 270, 445 A.2d 1141 (1982), the New Jersey Supreme Court addressed precisely these two issues. In *Butler*, the plaintiff, who was robbed in a supermarket parking lot where seven other muggings had occurred during the previous year, brought suit against the store. In affirming a verdict for the plaintiff, the court held: "With respect to the allocation of costs [for providing security] issue, in the modern context of merchandising, our placement of these costs is consistent with the principles of the common law. Just as it is deemed fair for the owners and therefore indirectly the tenants of an apartment building . . . or the operators and patrons of a parking lot . . . to bear the costs of avoiding negligence, it is fair that the costs of negligent failure to protect against crime be similarly borne by the operators and indirectly patrons of such shopping facilities." (Citations omitted.) Id. 279. With regard to the vagueness of the duty, the court quoted with approval an earlier dissent in *Goldberg* v. *Housing Authority of Newark*, 38 N.J. 578, 605–606, 186 A.2d 291 (1962), where the court said: " 'The defendant's duty was to take reasonable precautions; that duty was no more vague than is the test of reasonableness throughout our law generally. . . . Justice Holmes noted that even in the field of criminal law a test comparable to reasonableness may be applied without infringing any principles of fairness or due process.' " (Citations omitted.) *Butler* v. *Acme Markets, Inc.*, supra, 279. The court in *Butler* concluded that it was for the jury to determine whether Acme had exercised reasonable care in the performance of its duty to safeguard its business invitees from the criminal acts of third persons.

In addition to what this court views as sound reasoning applied by the *Butler* court in disposing of the issues raised there by the defendant, the court finds here that the policy considerations asserted by the defendant in the case at bar are not properly considered by a motion to strike. The plaintiff has stated a cognizable cause of action in her complaint. The defendant's motion to strike is denied.