[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
In the instant case the plaintiff was shot on a public street after he exited the defendant Nagy's Restaurant, owned by defendant Ronald Bonefant. While in the restaurant, he had quarreled with another patron, one Robert Burgos, who later shot him. The plaintiff brought claims against each defendant in negligence, and against Bonefant in statutory negligence.
The defendants have filed a motion for summary judgment on the grounds that (1) the defendants owed no duty to the plaintiff in that a property owner does not have possession or control over a public street, and (2) the plaintiff has failed to allege a cause of action for statutory negligence in that the type of harm suffered by the plaintiff was not the type of injury which Department of Liquor Control Regulations section 30-6-A24 was intended to protect.
A motion for summary judgment shall be rendered if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Practice Book section 384. See also Connelly v. Housing Authority,213 Conn. 354, 364, 567 A.2d 1212 (1990). To provide that there is no genuine issue of material fact, the moving party must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984). A material fact has been defined as a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In determining whether there is a material issue of fact, the court considers the evidence in the light most favorable to the non-moving party. Connelly v. Colwell, 214 Conn. 242, 247,571 A.2d 116 (1990). Once the moving party had presented supporting evidence, the opposing party must present evidence demonstrating the existence of some disputed factual issue. State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988). CT Page 11181
Where there is no genuine issue as to any material fact, the court must then decide whether the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11, 459 A.2d 115 (1983). That question is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969). Connelly v. Colwell, supra, 247; Connelly v. Housing Authority, supra, 364.
As to the First and Second Counts, it must be noted that summary judgment is ordinarily inappropriate in negligence cases; Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 585 (1984); summary judgment is an appropriate vehicle for disposing of a negligence claim when no duty exists. Wilson v. City of New Haven, 213 Conn. 277, 279-82, 567 A.2d 829 (1989).
"Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so." (Citations omitted.) Dean v. Hershowitz, 119 Conn. 398, 407-08,177 A.2d 262 (1935). Thus, "[t]he existence of a duty of care is an essential element of negligence." Coburn v. Lenox Homes, Inc.,186 Conn. 370, 375, 441 A.2d 260 (1982). Only when "such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand . . . ." Petriello v. Kalman, 215 Conn. 377, 383-84,576 A.2d 474 (1990), quoting Shore v. Stonington, 187 Conn. 147,151-52, 444 A.2d 1379 (1982). "Where there is no duty, there can be no actionable negligence." Frankovitch v. Burton,185 Conn. 14, 20, 440 A.2d 254 (1981).
Whether the defendants owed a duty of care to the plaintiff is a question of law. Petriello, supra, 171. Although Connecticut has recognized that a business proprietor has a duty to protect invitees from the criminal acts of third parties, Antrum v. Church's Fried Chicken, Inc., 40 Conn. Sup. 343, 345,499 A.2d 807 (1985); it is well established in Connecticut that a defendant owes no duty to a party who is injured on property not owned. controlled or maintained by that defendant. See Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 172-79,544 A.2d 1185 (1988); Farlow v. Andrews Corp., 154 Conn. 220, 225,224 A.2d 546 (1966).
In support of their motion for summary judgment, the defendants CT Page 11182 filed a statement from Ruben Rodriguez, an affidavit from Ronald Bonefant, a copy of the police report, and a notice of the defendants' requests for admission[1] all of which establish that the plaintiff was shot on a public street.
In response to the motion for summary judgment the plaintiff filed one affidavit which fails to allege any facts that would lead one to believe that the plaintiff was shot anywhere other than on a public street. It merely states that "immediately upon leaving the premises, I was shot . . . ." (Affidavit of Ramon Gonzalez, paragraph 5.) The documents provided by the defendants establish that the plaintiff was shot on a public street. As a matter of law. therefore, the defendants owned not duty of care to the plaintiff at the time of the injury and therefore, the motion for summary judgment as to the First and Second Counts is granted.
The defendants move for summary judgment on the Third Count on the grounds that it fails to allege a cause of action for statutory negligence in that the type of injury which section 30-6-A24 of the Regulations of the Connecticut State Agencies was intended to protect. "The doctrine of negligence per se serves to superimpose a legislatively prescribed standard of care on the general standard of care." Staudinger v. Barrett, 208 Conn. 94,101, 544 A.2d 164 (1988), citing Wendland v. Ridgefield Construction Services, Inc., 184 Conn. 173, 178, 439 A.2d 954
(1981). "Statutory negligence is actionable upon satisfaction of two conditions: (1) the plaintiff must be a member of the class protected by the statute; and (2) the injury must be of the type the statute was intended to prevent." (Citation omitted.) Small v. South Norwalk Savings Bank, 205 Conn. 751, 760,535 A.2d 1292 (1988). Whether the two conditions are satisfied is a question of law. See Staudinger, supra, Coughlin v. Peters, 153 Conn. 99,101, 214 A.2d 127 (1965).
The third count alleges a violation of section 30-6-A24 of the Regulations which prohibits, inter alia, disturbances, brawls, nude dancing, performers or dancers from simulating sexual acts and the showing of films which contain nude scenes or certain sexual acts upon any permit premises. Conn. Dept. Regs. sec. 30-6-A-24. The defendants assert that the regulation was not intended to prevent criminal acts occurring off the permit premises. The court agrees.
It is a basic rule of statutory construction that a statute is to be construed as a whole. Martone v. Lensink, 207 Conn. 296, 302, CT Page 11183541 A.2d 488 (188). "Regulations have the force and effect of statutes and are construed in accordance with accepted rules of statutory construction." Caron v. Inland Wetlands Watercourses Commission, 25 Conn. App. 61, 65-66 (1991), citing Gianetti v. Norwalk Hospital, 211 Conn. 51, 60, 557 A.2d 1249
(1989).
Section 30-6-A24, read in its entirety, is intended to prevent acts which would endanger the welfare or morals of patrons while upon permit premises, It was not intended to prevent injury to patrons while off the permit premises. Therefore, the plaintiff's injury is not the type the regulation was intended to prevent and the motion for summary judgment as to the third count is granted.
Leheny, J.