[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Gianfranco Bevilacqua, brings this negligence action for injuries allegedly sustained while traversing an established path between property owned by defendants Middletown Associates, Sachs Equities, New Meadows Realty Company and Joseph Blau. The plaintiff alleges in his complaint that the injuries he suffered were proximately caused by the negligence of the defendants, due to their failure to block off the path or discourage its use, warn children of the danger, and/or collaborate with each other in blocking off the path.
Counts one and two addressed to defendant Blau, who allegedly owns the land at the point on the path where the plaintiff was allegedly injured. Counts three and four are CT Page 9490 addressed to defendant New Meadows Realty Company, the alleged owner of the apartment complex abutting defendant Blau's land-locked parcel. Counts five through eight are addressed to defendants Middletown Associates and Sachs, the alleged owners of the Middletown Shopping Plaza at the opposite end of the path from the apartment complex. Count nine is addressed to all of the defendants and seeks reimbursment of medical expenses for the injuries allegedly sustained.
On October 28, 1992, defendants Middletown Associates and Sachs filed a motion to strike counts five, six, seven, eight and nine, on the ground that the facts alleged are legally insufficient to state a claim upon which relief can be granted. The movants assert that they owed no duty of care to the plaintiff, since they did not own, occupy or control the property where the plaintiff was injured.
Defendant New Meadows filed a similar motion to strike counts three, four and nine on March 9, 1993. This motion also asserts that the counts are legally insufficient to state a claim, in that the movant owed no duty of care to the plaintiff, as they were not owners, occupiers or in control of the property on which the plaintiff was injured.
The motion to strike is used to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 1365 (1989). A motion to strike "admits all facts well pleded [pleaded]; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). "Further, in ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). "In judging a motion to strike, . . . it is of no moment that the [party] may not be able to prove [his] allegations at trial." Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132, 471 A.2d 679 (Super.Ct. 1983). "The sole inquiry at this stage is whether the . . . allegations, if proved, state a cause of action." Id.
The defendants in both motions to strike assert that they owed no duty to the plaintiff as abutting landowners, since "it is well established in Connecticut that a defendant owes no duty to a party who is injured on property not owned, CT Page 9491 controlled or maintained by that defendant." Gonzalez v. Nagy's Restaurant, 8 CSCR 10 (November 12, 1992, Leheny, J.). "Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so." (Citations omitted.) Dean v. Hershowitz, 119 Conn. 398,407-08, 177 A.2d 262 (1935). "The existence of a duty of care is an essential element of negligence." Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375, 441 A.2d 260 (1982). Moreover, "[t]he existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Citations omitted.) (Internal quotations marks omitted.) Petriello v. Kalman,215 Conn. 377, 382-83, 576 A.2d 474 (1990).
The plaintiff alleges in counts seven and eight that defendants Middletown Associates and Sachs did exercise possession and/or control over the property where the injury occurred, land allegedly owned by defendant Blau. Plaintiff's Complaint, Count Seven, Par. 13. Although the plaintiff does not provide specific facts concerning the alleged possession or control, "facts necessarily implied by the allegations in a complaint are sufficiently pleaded, and hence need not expressly be alleged." Bouchard v. People's Bank,219 Conn. 465, 471, 594 A.2d 1 (1991). The complaint construed in the light most favorable to the plaintiff sufficiently alleges facts which could give rise to a duty of care on behalf of the defendants Middletown Associates and Sachs, because of their alleged possession or control over the property where the injury occurred. "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). Motion to strike counts seven and eight is denied.
Counts five and six, directed to Middletown Associates and Sachs, and counts three and four, directed to New Meadows, do not allege that the defendants exercised control over the property where the plaintiff was injured. However, the counts do allege that the defendants controlled the point of access/egress to the path, and knew or should have known both that children utilized the path and that the path was dangerous. Moreover, the plaintiff further alleges that CT Page 9492 defendant New Meadows had actual knowledge that children entered, exited and utilized the path on their property and defendant Blau's abutting land.
"A duty to use care may arise from contract, statute or circumstances under which a resaonable [reasonable] person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act. Coburn v. Lenox Homes, Inc.,186 Conn. 370, 375, 441 A.2d 620 (1982). "The ultimate test of the existence of a duty to use care is found in the forseeability that harm may result if it is not exercised." (Citation omitted.) (Internal quotation marks omitted.) Frankovitch v. Burton, 185 Conn. 14, 20-21, 440 A.2d 254
(1981). The plaintiff sufficiently alleges in his complaint both knowledge of the danger and the foreseeability of harm resulting from it, and therefore has pleaded sufficient facts to establish a duty to care by the defendants, apart from any duty arising by virtue of their status as abutting landowners. See Coburn v. Lenox Homes, Inc., supra; Neal v. Shiels, Inc., 166 Conn. 3, 12-13, 347 A.2d 102 (1974). Accordingly, the court denies the motion to strike by defendants Middletown Associates and Sachs with regard to counts five and six, as well as the motion to strike by defendant New Meadows with regard to counts three and four.
The foregoing discussion is also dispositive of the issues raised by both motions to strike count nine of the complaint. Motions to strike count nine are denied.