[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (MOTION TO STRIKE #106)
Plaintiff, Sandra Sorensen, Executrix of her decedent husband James Sorenson's estate, has filed a four count complaint against the defendants, Darien and Mary Lewie, and Thomas and Carla Guerra. The first two counts sound in CT Page 3006 negligence and loss of consortium, respectively, and are brought against Darien and Mary Lewie. The third and fourth counts, the subject of the present Motion to Strike, sound in negligence and loss of consortium, respectively, and are brought against Thomas and Carla Guerra (hereinafter "the defendants".
In the third count, plaintiff alleges that defendants removed signs from a stop sign where the decedent and Sandra Sorensen placed them. Plaintiff further alleges that: on August 25, 1992, the deceased placed himself at a place off the road to observe the sign he placed on the stop sign post to discover the identity of the person or persons who were removing the signs; thereafter, defendants approached the location of the sign, stopped their vehicle, and Carla Guerra removed the sign from the stop sign post; Carla Guerra reentered the car and began to drive away. It is further alleged that while defendants were in the process of removing the sign, the decedent came out from his location and entered the intersection where the stop sign was located. The decedent was struck by a vehicle operated by co-defendant Darien Lewie, which ultimately caused the decedent's death.
Plaintiff claims that the injuries and death of the decedent were caused by the negligence of defendants in that defendants, acting individually and/or in concert (1) engaged in removing the signs, (2) removed the signs from the stop sign post, (3) removed the signs from the stop sign post when they knew or should have known they had no right to do so, (4) failed to call the lawful authorities to request removal of the signs, and (5) removed the signs from the stop sign post when they knew or should have known that the activity could cause a confrontation with the decedent, thereby creating a dangerous condition of confrontation on a city street.
In the fourth count, plaintiff claims that as a result of the negligence of defendants, Sandra Sorensen has suffered the loss of her husband's consortium.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a CT Page 3007 matter of law." Mora v. Aetna Life Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
Defendants, in their memorandum in support of their Motion to Strike, assert that they owed no duty to the decedent, and therefore, cannot be liable in negligence. Defendants content that a reasonable person under the same circumstances certainly would not anticipate that removing a sign from a stop sign would cause a pedestrian to enter the traveled portion of the highway into the path of an oncoming vehicle. Additionally, defendants argue that there exists no causation between the defendants' acts and the death of the decedent, and therefore, plaintiff has no cause of action in negligence.
Plaintiff, in her memorandum in opposition, claims that defendants did owe the decedent a duty of care because a reasonable prudent person would anticipate that a confrontation with the decedent over removal of his signs would occur in the road. Plaintiff also claims that the acts of defendants caused the death of the decedent.
"The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised." (Internal quotation marks omitted.) Antrumv. Church's Fried Chicken, Inc., 40 Conn. Sup. 343, 346,499 A.2d 908 (1985, L. Dorsey, J.), quoting Frankovitch v. Burton,185 Conn. 14, 20-21, 440 A.2d 254 (1981). "[W]hen the foreseeability of the harm which occurred to the plaintiff . . . [is] known, actually or constructively by the proprietor, then he is liable." Antrum v. Church's Fried Chicken, Inc., supra, 346. "A duty arises from contract, statute or circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Coburn v. Lenox Homes, Inc.,186 Conn. 370, 375, 441 A.2d 620 (1982). "A decision by the court that, upon any version of the facts, there is no duty, must necessarily result in judgment for the defendant." Prosser,Law of Torts (3d Ed.) § 36, p. 207.
Plaintiff has failed to state facts, which, if proven, would show that the decedent's death was a foreseeable result of the defendants' actions. Instead, plaintiff has merely alleged legal conclusions of foreseeability which are CT Page 3008 unsupported by facts.
Accordingly, defendants' motion to strike the third and fourth counts of plaintiff's complaint is granted.
Schimelman, J.