[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, David Owens, brings this action seeking money damages from the defendant, The Stop Shop Companies, Inc. for injuries he allegedly received to both his foot and back when a pallet truck operated by one of the defendant's employees ran over his left foot. The plaintiff's complaint alleges that the defendant is liable by virtue of its negligence in failing to adequately supervise and train its employees and in failing to warn the plaintiff of the allegedly dangerous conditions on its premises. The plaintiff also alleges liability on the basis of the doctrine of respondent superior. Although this matter was originally filed in the Judicial District of Fairfield, the court subsequently moved it to New Haven, where the case heard on the merits.
The following facts are essentially not in dispute. On April CT Page 1498 23, 1992, the plaintiff was shopping for groceries at the "Super Stop Shop" located at Putnam and Dixwell Avenues in Hamden, CT As he proceeded down one of the aisles, the plaintiff saw a Stop Shop employee pushing a pallet truck around a corner and in his direction. The plaintiff further testified that he made eye contact with the employee and that he expected the employee to stop and let him pass. The defendant's contention is that the plaintiff failed to remove himself from the truck's path. In either event, neither party disputes that the pallet truck ultimately ran over the plaintiff's left foot.
 I.
The defendant offered no evidence as to how the accident occurred, but argued that the plaintiff should have gotten out of the way.
After listening to the plaintiff's description of the episode, the Court concludes that the defendant's employee was negligent in continuing to move the pallet truck down an aisle, narrowed by piled boxes, in the direction of the plaintiff and then failing to ascertain whether he would clear the plaintiff's body as he continued to try to move past him.
This action was negligent in that the employee should have anticipated that the harm suffered by the defendant was likely. (citations omitted).
Further, the plaintiff was an invitee in the defendant's place of business. The merchandise stacked in the aisle and the operation of this type of carrier in this fashion constitute an unsafe condition for the use an invitee would make of the store premises. Schwartz v. Waterbury Public Market, Inc., 6 Conn. App. 429
(1986); Antrum v. Church's Fried Chicken, Inc., 40 Conn. Sup. 343
(1985); Mable v. Bass Transport Co., 40 Conn. Sup. 253
(1983).
The Court finds the employee and the defendant owner guilty of negligence in the particular fashion noted above.
 II.
There would appear to be no question but that the defendant Stop Shop is responsible for the acts of its employee. He was on the premises doing the employer's work. Paine, Webber, JacksonCT Page 1499 Curtis v. Winters, 22 Conn. App. 640 (1990).
And, as noted above the condition of the premises constituted negligence on the part of the defendant owner as well as that of the employer.
Under all the circumstances, the Court does not find the plaintiff guilty of contributory negligence. His attempt to avoid the oncoming truck was reasonable and the defective condition prevented his evasive action from succeeding.
The defendant is found liable to the plaintiff for the injuries sustained in the accident of April 23, 1992.
 II.
Assessing damages in this case presents a much more difficult problem than that of liability. Material in the plaintiff's medical reports indicates the plaintiff may have exaggerated his symptoms and failed to exert a real effort in certain tests.
On a more disturbing note is the accumulation of $13,510.94 in medical expenses for what cannot be described any other way then as minor soft tissue injuries.
The Court found the plaintiff's medical expert, a chiropractor, less than candid and does not feel he was justified in seeing this plaintiff 60 times for such injuries. The defendant's medical expert, an orthopedist, presented exceptional credentials and the Court accepts his testimony as logical and convincing.
The plaintiff's alleged back injury is reported as "healed" in his own Exhibit C, dated October 21, 1992. Yet, treatment was continued for several months and he was last seen on July 24, 1994. While the plaintiff claims a permanent disability to the back, there was no admissible evidence to support that claim. Thus, the claim for future medical expense is suspect.
As to the left foot complaints, the plaintiff did not explain the effect his prior existing inherited defect had on his symptoms.
It would be difficult to compute a precise breakdown of the plaintiff's medical bills and determine what was appropriate and CT Page 1500 what was "over-treatment." Defendant's counsel has submitted a total fairly close to the Court's attempt.
The Court concludes that fair and reasonable compensation for the plaintiff in this case including pain and suffering, is $18,000. Judgment may so enter, with taxable costs.
Anthony V. DeMayo State Trial Referee