[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is a Motion for Summary Judgment filed by Defendants David Sowa, M.D. and Grove Hill Center.[1] The defendants[2] claim to be entitled to judgment because the plaintiff's action is barred by the statute of limitations. The defendants claim that there is no factual dispute as to the date upon which the alleged medical malpractice occurred because the plaintiff has only presented expert testimony regarding defendant Sowa's conduct during a surgical procedure. The plaintiff, Carol Vreeland, objects to the motion claiming that there is a factual dispute as to whether or not defendant Sowa owed a continuing duty to the plaintiff.
FACTUAL BACKGROUND
The plaintiff presented to Grove Hill Medical Center with acute pelvic pain. Defendant Sowa performed a surgical procedure on the plaintiff on July 15, 1993 to remove her left ovary. The plaintiff returned to the defendant for post-operative visits on July 20, 1993, August 3, 1993 and August 24, 1993. The plaintiff CT Page 4148 has disclosed two liability experts against defendant Sowa: Dr. Brian Karsif and Dr. Carl Pellman. During his deposition Dr. Karsif indicated that he would not be offering any criticisms of defendant Sowa other than of his conduct during the July 15, 1993 operative procedure.[3] Plaintiffs counsel confirmed this at the deposition[4]. Although during his deposition Dr. Karsif offered no opinion of the defendant's conduct post July 15, 1993, plaintiff represented in her brief that "Dr. Karsif will testify that if plaintiff complained of severe pain as set out in her affidavit, Dr. Sowa should have performed an intravenous pyleogram." Plaintiff's Objection to Defendant's Motion forSummary Judgment, March 10, 1999, p. 13. Further, on February 4, 1999 the plaintiff disclosed Dr. Pellman, as an expert witness[5]. From this disclosure, it appears that the plaintiff intends for Dr. Pellman to provide necessary expert testimony regarding allegations of malpractice on or after July 15, 1993. The defendants have moved to preclude the disclosure of Dr. Pellman as late and untimely.
The plaintiff had originally alleged that the negligence of defendant Sowa extended beyond the date of the surgery to at least November 4, 1994. However, after the plaintiff's liability expert failed to offer any criticisms of the care of Dr. Sowa, other than of his conduct during the surgical procedure, the plaintiff withdrew most of the allegations of malpractice other than those related to the defendant's acts during the surgery. The only remaining allegation with regards to a continuing duty is contained in the First Count, paragraph 20(d). This one remaining claim of a continuing duty alleges that: "[t]hroughout [his] continuing course of treatment of the plaintiff . . . the defendant, David Sowa. . . . failed to provide that level of care, skill and treatment, which. . . . is recognized as acceptable and appropriate . . . in . . . the following respect: in that, while continuing to maintain the plaintiff as [his] patient until at least November 22, 1994, [he] failed to afford her the proper level of attention and care necessary to monitor any potential complications resulting from removal of her left ovary."
The plaintiff initiated this action with a complaint dated October 31, 1996. She had filed a Petition to Extend the Statute of Limitations for ninety days on June 12, 1995 pursuant to Connecticut General Statute § 52-190(b)[6].
Both parties agree that the action was not filed within 3 CT Page 4149 years of the date of the surgery, even considering the extension provided by the ninety day petition. It is the plaintiff's position that because her last post-operative visit with the defendant was on August 24, 1993, the statute could not have begun to run until at least that date.
The defendant argues that because the plaintiff's only deposed liability expert declined to criticize defendant Sowa's post July 15, 1993 conduct, there is no way for the plaintiff to sustain her burden of proving her claim that there was a continuing duty. The plaintiff counters by arguing that both her representation that Dr. Karsif will give more expansive testimony than was offered during his deposition, and her disclosure of Dr. Pellman, as an expert, raise a material issue of fact in dispute regarding when the duty of defendant Sowa to the plaintiff ended.
ISSUE PRESENTED
The single dispositive issue in this case is whether there is any admissible evidence to support the plaintiff's contention that defendant Sowa's negligence continued beyond July 15, 1993. If, as the defendant asserts the sole act at issue in this case took place on July 15, 1993, then the plaintiff's action is barred by the statute of limitations. For reasons more fully set forth below, this court holds that, given the disclosure of Dr. Pellman it is impossible for this court to conclude that there is no issue of fact in dispute regarding when Dr. Sowa's alleged duty ended.
LEGAL DISCUSSION SUMMARY JUDGMENT
A party is entitled to summary judgment wherever "the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Practice Book section 17-49; Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105 (1994); Telesco v. Telesco, 187 Conn. 715
(1982). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.) Home Ins.Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202-03 (1995). A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to CT Page 4150 be tried." Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988).
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806,679 A.2d 945 (1996). Summary judgment is appropriate on the statute of limitation grounds when the "material facts concerning the statute of limitations [are] not in dispute . . ." Burns v.Hartford Hospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984). In Connecticut. the statute of limitations must be pled as a special defense. Connecticut Practice Book, section 10-50. "When a defendant raises the statute of limitations as a special defense the essential elements of the defense become "material facts' which, if proven at trial, will entitle the defendant to judgment as a matter of law. Therefore, when the materials submitted in support of a defendant's motion for summary judgment incontrovertibly establish all the essential elements of his statute of limitations defense, his motion must be granted."Mulcher v. Sokolowski, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV 38 18 04 (January 13, 1994, Sheldon, J., 1994 Ct. Sup. 319).
APPLICABLE STATUTORY PROVISIONS
This medical malpractice action is governed by two statutory provisions. The first is found in section 52-584 of Connecticut General Statutes. It reads in pertinent part, as follows:
 "No action to recover damages for in jury to the person; . . . . caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician . . ., shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . ."
Pursuant to this statute an action must be brought within 2 years of discovery of an injury or not more than 3 years from the date of the last negligent act or omission. The facts sufficient to trigger the applicable sections of the statute are significant, CT Page 4151 in this case, because the plaintiff did not file suit until 1996, more than 3 years after the plaintiff's last visit with the defendant.
The second applicable statutory provision in this case is section 52-190a(b) of C.G.S. which provides that:
 "Upon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. This period shall be in addition to other tolling periods."
Because the plaintiff filed a petition pursuant to § 52-190a(b) she extended the statute for 90 days.
DATE OF THE ALLEGED LAST NEGLIGENT CONDUCT
In Witt v. St. Vincent's Medical Center,52 Conn. App. 699 ___ A.2d ___ (April 13, 1999) the appellate court affirmed the principle that an action may not be brought more than 3 years from the date of the last act and/or omission. "In the medical malpractice context, [our Supreme Court has] specifically determined that a lawsuit commenced more than three years from the date of the negligent act or omission complained of is barred by the statute of limitations . . . regardless of whether the [party against whom the action has been brought] had not or, in the exercise of care, could not reasonably have discovered the nature of the injuries within the time period. . . . [Our Supreme Court has] also recognized that the statute of limitations, in proper circumstances, may be tolled under . . . the continuing course of conduct doctrine, thereby allowing a plaintiff to commence his or her lawsuit at a later date. (Citations omitted.)Blanchette v. Barrett, 229 Conn. 256, 265-66, 640 A.2d 74 (1994)"Id. at 704.
The plaintiff acknowledged at oral argument that there is no allegation of fraud in this case[7]. Similarly, the plaintiff is not alleging that the defendant injured the plaintiff and then subsequently discovered and failed to disclose the injury. Rather, the plaintiff is claiming that because the plaintiff went to see the defendant, post-operatively, he continued to have a duty of care to her, which he violated. The plaintiff argues that because the doctor/patient relationship continued beyond July CT Page 4152 15, 1993, the last act or omission could not have occurred on that date. Therefore, she argues that pursuant to the continuing course of conduct doctrine, the statute of limitations was tolled.
Continuing course of conduct requires three things: an ongoing physician-patient relationship; negligence by the defendant; and some form of conduct that continued beyond the initial treatment. Id. Continuing course of conduct requires "either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act . . ." Id at 706. In the absence of evidence of a special relationship or of later wrongdoing there is no continuing conduct which would toll the statute. Id.
An essential allegation of negligence is the breach of a duty owed. Antrum v. Church's Fried Chicken. Inc., 40 Conn. Sup. 343,346 (1985). A physician is under a duty to his patient to exercise that degree of care, skill and diligence which physicians in the same general line of practice ordinarily possess and exercise in similar cases. Katsetos v. Nolan,170 Conn. 637, 644-45, 368 A.2d 172 (1976). To prevail in a malpractice case, the plaintiff must establish through expert testimony both the standard of care and the fact that the defendant's conduct did not measure up to that standard. Pisel v.Stamford Hospital, 180 Conn. 314, 334, 430 A.2d 1 (1980). The existence of a duty is a question of law. Petriello v. Kalman,215 Conn. 377, 382, 576 A.2d 474 (1990). Evidence of duty in this case must be established through expert testimony. Puro v. Henry,188 Conn. 301, 305, 449 A.2d 176 (1982) (stating that expert testimony is necessary in a medical malpractice action, "except where there is manifest such gross want of care of skill as to afford of itself an almost conclusive inference of negligence . . .").
While the issue of limiting Dr. Karsif's testimony is not directly before this court at this point, that issue must be addressed in order to decide this motion. It is likely, in this court's opinion, that the doctor will be restricted to his previously offered opinions, given the clear and unambiguous representations of plaintiff's counsel during the deposition. Thus, this court does not consider the assertions of plaintiff's counsel that Dr. Karsif will now offer opinions regarding Dr. Sowa's post-operative care as raising a factual dispute regarding CT Page 4153 the issue of a continuing duty. Based on Dr. Karsif's testimony there is no support for a claim that defendant Sowa's duty extended beyond July 15, 1993.
The plaintiff's disclosure of Dr. Pellman does, however, put in dispute the issue of whether or not defendant Sowa had a continuing duty. The defendants are opposed to the disclosure or Dr. Pellman. However, applying Connecticut law, the disclosure will probably not be precluded. Although this case was assigned a trial date, that date has past. The case has no new trial date. Connecticut Practice Book section 13-4(4) provides that: ". . . any plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within a reasonable time prior to trial. . . . If disclosure of the name of any expert witness who is expected to testify at trial is not made in accordance with this subsection, or if an expert witness who is expected to testify is retained or specially employed after a reasonable time prior to trial, such expert shall not testify if, upon motion to preclude such testimony, the judicial authority determines that the late disclosure (A) will cause undue prejudice to the moving party; or (B) will cause undue interference with the orderly progress of trial in the case; or (C) involved bad faith delay of disclosure by the disclosing party." There is no trial date, therefore this court cannot conclude that the plaintiff's disclosure is not within a reasonable time prior to trial. Taking into consideration the substance of the opinions offered by the plaintiff in the expert disclosure, it is evident that there may be a dispute regarding whether defendant Sowa's duty continued beyond July 15, 1993.
CONCLUSION
Because there is an issue of material fact in dispute regarding whether defendant Sowa owed to the plaintiff a continuing duty, this court denies defendants' motion for summary judgment. The granting of such motion would only be appropriate were the defendant able to establish that all fully disclosed and deposed experts of the plaintiff refused and/or declined to offer any criticism of defendant Sowa's post July 15, 1993 conduct.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT CT Page 4154